## MARIA MCMELLON v. WILLIAM MCMELLON
## (AC 29593)

Harper, Robinson and Mihalakos, Js.

Argued April 20—officially released August 11, 2009

*Campbell D. Barrett*, with whom were *Jon T. Kukucka* and, on the brief, *C. Michael Budlong*, for the appellant (defendant).

*Robert L. Sweeney, Jr.*, for the appellee (plaintiff).

MIHALAKOS, J. In this marital dissolution action, the defendant, William McMellon, appeals from the judgment of the trial court with respect to the court's financial orders. The defendant claims that the court improperly awarded (1) lifetime alimony to the plaintiff and (2) $15,000 in attorney's fees. We affirm the judgment of the trial court.

The following facts, as found by the court, are relevant for our consideration of the appeal. The parties married on August 31, 2001, in San Jose, California. No minor children were born of the marriage. In April, 2005, the couple purchased the marital home in Branford using as the down payment proceeds from the sale of the plaintiff's condominium and an inheritance that the plaintiff had received. The plaintiff is employed full-time as a certified nurse's assistant. The defendant was unemployed during the entire marriage due to an injury he received while previously working as an electrician. The defendant receives social security disability payments, workers' compensation benefits, a pension and rental income. Both parties have retirement accounts. The dissolution proceeding was tried on December 7 and 12, 2007, and the court ordered the dissolution of the marriage and distribution of the parties' assets, awarding to the plaintiff $325 per week in lifetime alimony, a cash award of $100,000 and $15,000 in attorney's fees. This appeal followed.

We start with our well established standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the

correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . .

"A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria. . . . In reviewing the trial court's decision under [an abuse of discretion] standard, we are cognizant that [t]he issues involving financial orders are entirely interwoven. The rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Citation omitted; internal quotation marks omitted.) *Rubenstein* v. *Rubenstein*, 107 Conn. App. 488, 493–94, 945 A.2d 1043, cert. denied, 289 Conn. 948, 960 A.2d 1037 (2008). With this standard in mind, we now turn to the defendant's claims.

I

The defendant first claims that the court abused its discretion when it awarded lifetime alimony to the plaintiff. Specifically, the defendant argues that the record contained insufficient evidence to support an award of lifetime alimony when the plaintiff was earning more than she ever had previously and when the marriage only lasted for six years. We disagree.

"Trial courts are vested with broad and liberal discretion in fashioning orders concerning the type, duration and amount of alimony and support, applying in each

case the guidelines of the General Statutes. . . . General Statutes § 46b-82 describes factors a court should consider in its decisions regarding alimony. The court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express finding[s] as to each statutory factor. . . . Nor need it give each factor equal weight." (Citation omitted; internal quotation marks omitted.) *Rubenstein* v. *Rubenstein*, supra, 107 Conn. App. 495.

On appeal, the defendant's argument against lifetime alimony focuses on two claims: (1) the fact that the plaintiff was earning more than she ever had previously and (2) the duration of the parties' marriage. As to the plaintiff's earnings, the court only needs to look at the income of the parties as one of the numerous statutory factors it must consider. The court, however, is not required to consider a party's current income in comparison to the party's previous income; it is at the court's discretion. See *Vandal* v. *Vandal*, 31 Conn. App. 561, 566, 626 A.2d 784 (1993) ("[i]n marital dissolution proceedings, under appropriate circumstances the trial court *may* base financial awards on the earning capacity rather than the actual earned income of the parties" [emphasis added; internal quotation marks omitted]). As to the duration of the marriage, we interpret this argument as an invitation to articulate a bright line rule as to how long a marriage must last for one party to be entitled to lifetime alimony. We decline that invitation. Instead, we must simply determine whether the court abused its discretion by granting an award of lifetime alimony on the basis of its findings as to the statutory factors enumerated in § 46b-82. We conclude that the court did not abuse its discretion.

General Statutes § 46b-82 provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall

hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ."

"General Statutes § 46b-82 describes circumstances under which a court may award alimony. The court is to consider these factors in making an award of alimony, but it need not give each factor equal weight. . . . As long as the trial court considers all of these statutory criteria, it may exercise broad discretion in awarding alimony." (Internal quotation marks omitted.) *Hughes* v. *Hughes*, 95 Conn. App. 200, 210, 895 A.2d 274, cert. denied, 280 Conn. 902, 907 A.2d 90 (2006).

In the present case, in its memorandum of decision, the court articulated that all of the evidence was considered, as well as the provisions of General Statutes §§ 46b-62, 46b-81 and 46b-82. The court determined that the plaintiff's weekly net income was $390.30 and the defendant's weekly net income was $1082.44, not including voluntarily deferred payments from two pensions to which the defendant is entitled. Further, it found that the defendant's behavior and substance abuse were significant factors in the breakdown of the marriage. The court also undertook a thorough examination of the assets of the parties and specified numerous assets that the defendant would be entitled to retain, including, inter alia, a workers' compensation settlement, two investment properties and his retroactive benefits from his two pension plans.

It is clear from its memorandum of decision that the court was mindful of its obligation to consider the statutory factors in determining alimony. Given the

court's findings, which were supported by evidence in the record, we do not conclude that the court abused its discretion in issuing an alimony order of unlimited duration. We also do not conclude that the duration of the parties' marriage was the only factor that the court considered in its alimony award. Although we are mindful that alimony is not meant to punish; *Cleary* v. *Cleary*, 103 Conn. App. 798, 807, 930 A.2d 811 (2007) ("alimony is not designed to punish, but to ensure that the former spouse receives adequate support"); we note that "[t]he trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case." *Ippolito* v. *Ippolito*, 28 Conn. App. 745, 751, 612 A.2d 131, cert. denied, 224 Conn. 905, 615 A.2d 1047 (1992). "There is no additional requirement that the court specifically state how it weighed the statutory criteria or explain in detail the importance assigned to each statutory factor." *Rivnak* v. *Rivnak*, 99 Conn. App. 326, 331, 913 A.2d 1096 (2007).

Our review of the record leads us to the conclusion that the court was mindful of the statutory factors in determining the alimony to be awarded to the plaintiff and we defer to the court's broad discretion in determining the order. See *Rubenstein* v. *Rubenstein*, supra, 107 Conn. App. 495. We conclude, therefore, that the court did not abuse its discretion in awarding lifetime alimony to the plaintiff.

## II

The defendant's next claim is that the court improperly awarded attorney's fees to the plaintiff. Specifically, the defendant argues that because the plaintiff had substantial liquid assets to pay her attorney's fees without undermining the court's other financial orders, the court's order was punitive in nature and constituted an abuse of discretion. We disagree.

"[W]e may not alter an award of attorney's fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case. . . . Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees unless the trial court has clearly abused its discretion." (Internal quotation marks omitted.) *Rubenstein* v. *Rubenstein*, supra, 107 Conn. App. 500.

"General Statutes § 46b-62 allows the trial court to order either [party] to pay the reasonable attorney's fees of the other in any family relations matter. . . . Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion. . . . In determining whether to allow counsel fees, the court must consider the statutory criteria set out in . . . §§ 46b-62 and 46b-82 and the parties' respective financial abilities. . . . An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did. . . .

"In making its determination regarding attorney's fees the court is directed by . . . § 46b-62 to consider the respective financial abilities of the parties. . . . Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so. . . . [T]o award counsel fees to a spouse who had sufficient liquid assets would be justified, if the failure to do so would substantially undermine the other financial awards." (Citation omitted; internal quotation marks omitted.) *Papa* v. *Papa*, 55 Conn. App. 47, 57–58, 737 A.2d 953 (1999).

In its memorandum of decision, the court articulated that attorney's fees are awarded at the discretion of the court and upon a finding by the court that "there are

ample liquid assets with which to make the payment or failure to award attorney's fees will undermine the court's other financial orders." The court further articulated that it had reviewed the fees charged by the plaintiff's counsel and found them to be fair and reasonable. Accordingly, the court awarded the plaintiff $15,000 in attorney's fees. "[O]n appeal, it is not our function to decide anew whether requiring [a party] to pay her own counsel fees would have undermined the court's other financial orders, but rather whether the record supports the court's conclusion in that regard." *Pacchiania* v. *McAree*, 94 Conn. App. 61, 71, 891 A.2d 86, cert. denied, 278 Conn. 922, 901 A.2d 1221 (2006). In the present matter, the court articulated the discrepancy between the parties' net incomes as well as their assets and ordered a lump sum payment of $100,000 to be paid to the plaintiff. The findings of the court support the court's conclusion that to deny an allowance of attorney's fees to the plaintiff would undermine the financial orders. Accordingly, we conclude that the court did not abuse its discretion in awarding attorney's fees to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.