## LISA A. FARKAS *v.* SANDOR FARKAS
## (AC 30075)

Flynn, C. J., and Bishop and Beach, Js.

Argued November 12, 2009—officially released January 12, 2010

---

*Sandor Farkas*, pro se, the appellant (defendant).

*Maria Chiarelli*, for the appellee (plaintiff).

PER CURIAM. The defendant, Sandor Farkas, appeals from a dissolution of marriage judgment rendered by the trial court. On appeal, the defendant claims that the court made incorrect factual determinations that the plantiff, Lisa A. Farkas, was unable to work and that the status of his physical ailments remain unresolved. The defendant also claims that the court's property allocation and financial awards were unreasonable in light of the evidence presented at trial. We affirm the judgment of the trial court.

A review of the record reveals that the plaintiff and the defendant were married on January 3, 1977, in Norwalk. There were no minor children issue of the marriage at the time of dissolution. Following a trial, the court, on February 21, 2008, rendered judgment of dissolution, finding that the marriage had broken down irretrievably, with no hope of reconciliation. Pursuant to the dissolution decree, the court made certain orders for the payment of alimony and the distribution of property. Specifically, the court ordered each of the parties to pay the other $1 per year in alimony, subject to termination upon death, remarriage or cohabitation and that the parties each would be responsible for their respective health care insurance. The court also issued detailed orders regarding the sale of the parties' jointly owned real property, located at 11 Bartlett Avenue in Norwalk. The court ordered that the net proceeds derived from the sale be divided between the parties, with the plaintiff to receive 80 percent and the defendant to receive 20 percent. The defendant also was

ordered to be responsible for the payment of all expenses and costs, present and future, associated with the property while its sale was pending, including mortgage payments, taxes, insurance, maintenance and repairs.

The court awarded the real property located at 2 Fillow Street in Norwalk, and lot 24, Spring View Acres, in Iredell County, North Carolina, solely to the defendant. The court ordered that the parties would be responsible for their own debts, except for $22,000 in real estate taxes that were to be paid by the defendant. The parties were to retain their own assets and accounts, including that the plaintiff would retain her 401(k) retirement plan and the defendant would retain 490,000 shares of certain stock in his name, as well as the balance of his prior personal injury settlement.

Initially, we set forth our standard of review regarding factual findings made by the court. "The trial court's findings [of fact] are binding upon this court unless they are clearly erroneous . . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Cifaldi* v. *Cifaldi*, 118 Conn. App. 325, 330–31, 983 A.2d 293 (2009).

The defendant first claims that the court made an incorrect factual determination regarding the employability of the plaintiff. We disagree. The court noted that the plaintiff previously had been employed as a nurse but that she presently was unemployed and that the Social Security Administration had declared her to be disabled due to multiple ailments. The court's conclusions in this regard find ample support in the

record. Accordingly, the court's determinations were not clearly erroneous.

Next, the defendant claims that the court incorrectly determined that his medical problems remain unresolved. Here, perhaps the defendant misunderstands the import of the court's comments. The court found that the defendant, at times a self-employed painter, was unemployed at the time of the marital dissolution. The court noted that the defendant had developed medical problems, which impeded his ability to work, and that his surgeries had left him in chronic pain. In this context, the court observed that the plaintiff's medical problems remain unresolved. Our review of the record leads us to believe that the court's finding that the defendant's physical problems remain unresolved was not intended to minimize the defendant's ailments but, rather, was an acknowledgement by the court that the defendant suffers multiple ongoing ailments. We further conclude that this finding is supported by the record.

Finally, the defendant claims that the court's allocation of property was unsupported by the trial evidence. We are not persuaded.

Initially, we note that "[a]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *McMellon* v. *McMellon*, 116 Conn. App. 393, 394–95, 976 A.2d 1, cert. denied, 293 Conn. 926, 980 A.2d 911 (2009). Further, we note that pursuant to General Statutes § 46b-81 (c), "[i]n fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of

the marriage, the causes for the . . . dissolution . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties to the acquisition, preservation or appreciation in value of their respective estates."

Our review of the record leads us to conclude that the court properly considered the factors set forth in § 46b-81 (c), and that the awards made by the court were both supported by the evidence and within the parameters of the court's discretion.

The judgment is affirmed.