J-S01007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROOSEVELT-BENTMAN TRUST FOR AMERICAN VOTERS INTER VIVOS TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: HONORABLE PETER J. WIRS, TRUSTEE OF THE INTER VIVOS TRUST | : | |
| | : | |
| | : | No. 796 EDA 2015 |

Appeal from the Order entered February 4, 2015
in the Court of Common Pleas of Philadelphia County,
Orphans' Court Division, No(s): Control No. 97-141397
No. 608 IV of 2014

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 29, 2016**

Peter J. Wirs ("Wirs"), as Trustee of the Roosevelt-Bentman Trust for American Voters *Inter Vivos* Trust ("the Trust"), appeals from the Order dismissing, with prejudice, the Petition to Confirm Arbitration Award ("the Petition to Confirm") filed by the 59th Republican Ward Executive Committee ("the 59[th] Ward").[1]  We affirm.

The trial court concisely summarized the relevant factual and procedural history in its Pa.R.A.P. 1925(a) Opinion, and we adopt it for the

---

[1] Wirs is an Officer of the 59th Ward, which is not a party to the instant appeal.

purpose of this appeal. *See* Trial Court Opinion, 5/29/15, at 1-5.[2, 3]

Following the filing of the Notice of Appeal, the trial court did not order Wirs to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Wirs did not file a concise statement. In its Opinion, the trial court explained that "Wirs was not ordered to submit a Statement of Errors pursuant to Pa.R.A.P. 1925(b) based on his prior filings[,] which were confusing, prolix and non-responsive either to the [trial c]ourt's inquiries or the issues." *Id.* at 5.

On appeal, Wirs presents the following issue for our review: "Did the court below err by failing to apply the mandatory provision of the

---

[2] As an addendum, we observe that the amount of the arbitration award entered against the Republican National Committee ("RNC") was approximately $20 million dollars. According to Wirs, "[t]he RNC, on February 26, 2009, pledged $20 million to the Trust, to supersede fund-raising efforts proposed by Dr. John Templeton, Jr. The RNC then reneged on its $20 million pledge." Reply Brief for Appellant at 3 (footnotes omitted).

[3] Wirs advanced scant facts in his brief (merely one sentence plus a footnote), and provided no citation to the record concerning the facts he did discuss. *See* Pa.R.A.P. 2117 (governing the requirements for the statement of the case). Notably, Wirs failed to identify the arbitrator(s) who presided over the alleged arbitration hearing, but acknowledged that he was an arbitrator. *See, e.g.*, Reply Brief for Appellant at 5 (stating that "there were three co-trustees serving as arbitrators"). In its Opinion, the trial court observed that while Wirs "failed to specifically identify the arbitrator, since [] Wirs is the only Trustee ever mentioned or identified, this leads to the inescapable conclusion that [] Wirs was in fact the arbitrator for the arbitration hearing." Trial Court Opinion, 5/29/15, at 7. We discern nothing in the record to contradict the trial court's finding in this regard, and like the trial court, are troubled by Wirs's lack of transparency in disclosing the essential facts. *See id.* at 11 (disapproving of "[t]he unwillingness of [Wirs] to permit the tribunal's actions to be viewed with transparency").

Pennsylvania Uniform Arbitration Act [], 42 Pa.C.S.A. § 7342(b), for confirmation of an arbitration award and entry of judgment when each statutory qualification for the confirmation is uncontroverted[?]" Brief for Appellant at 1.[4]

As Wirs's challenge to the trial court's failure to properly apply section 7342(b) turns on a question of law, our scope of review is plenary, and the standard of review is *de novo*. ***Castellani v. Scranton Times, L.P.***, 124 A.3d 1229, 1240 (Pa. 2015).

An arbitration award in a common law arbitration is binding, and may only be vacated or modified where "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341; ***see also Andrew v. CUNA Brokerage Servs.***, 976 A.2d 496, 500 (Pa. Super. 2009). An "irregularity" that requires reversal of a common-law arbitration award refers to the process employed in reaching the results of the arbitration, not to the result itself. ***Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assocs, Inc.***, 477 A.2d 482, 485 (Pa. Super. 1984). The party challenging a common law arbitration award "bears

---

[4] There are two arbitration acts in Pennsylvania, the Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq*., governing statutory arbitration, and 42 Pa.C.S.A. § 7341 *et seq*., governing common law arbitration. ***Moscatiello v. Hilliard***, 939 A.2d 325, 327 (Pa. 2007). The instant case implicates the provisions regarding common law arbitration. The provision Wirs relies upon, 42 Pa.C.S.A. § 7342(b), sets forth a 30-day time limit for challenging common law arbitration awards.

the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence." **Andrew**, 976 A.2d at 500 (citation omitted).

> Arbitration, while not surrounded by the technical procedural safeguards incident to litigation, is not a wholly informal process and requires for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the merits of a controversy. These minimum standards require that both parties are provided with notice, all the arbitrators must sit at the hearing, each side is entitled to be heard and to be present when the other party's evidence is being given and, unless the submission allows a decision by a majority of the arbitrators, all must join in the award.

**Id.** at 501 (internal citation and quotation marks omitted) (citing **Allstate Ins. Co. v. Fioravanti**, 299 A.2d 585, 588 (Pa. 1973) (stating that once a dispute has been submitted to arbitration, the parties are entitled to a hearing with "the necessary essentials of due process, *i.e.*, notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause.")).

Initially, we observe that in Wirs's Argument section, he presents numerous distinct allegations of error, many of which are not fairly suggested by the sole issue set forth in his Statement of Questions Presented, and were not raised before the trial court. **See** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal).

- 4 -

> By requiring that an issue be considered waived if raised for the first time on appeal, our [appellate C]ourts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court must be given the opportunity to correct its errors as early as possible.

*In re F.C. III*, 2 A.3d 1201, 1212 (Pa. 2010) (citations and ellipses omitted). To the extent that Wirs's several claims are not fairly suggested by the issue raised in his Rule 2116(a) statement, and/or were not preserved in the trial court, these claims are waived. *See In re F.C. III*, 2 A.3d at 1212 (finding waiver under Pa.R.A.P. 302(a) where the appellant failed to raise certain issues before the trial court); *Krebs v. United Ref. Co.*, 893 A.2d 776, 797 (Pa. Super. 2006) (finding waiver under Pa.R.A.P. 2116(a), and observing that this Court will not ordinarily consider any issue that is not set forth in or suggested by the statement of questions involved).[5]

Wirs argues that the trial court erred by dismissing the Petition to Confirm, as the court was required by 42 Pa.C.S.A. § 7342(b) to confirm the arbitration award and enter judgment against RNC. *See* Brief for Appellant at 4-6. Section 7342(b) provides, in relevant part, that "[o]n application of

---

[5] In so holding, we observe that the trial court's decision not to order Wirs to file a Pa.R.A.P. 1925(b) concise statement does not thereby allow him to present on appeal claims that he neither preserved below nor set forth in his statement of questions presented. Indeed, the trial court determined that it would be unwise to order Wirs to file a concise statement, given his "confusing [and] prolix" prior filings. To the extent that Wirs challenges the trial court's "framing the issues on appeal" in its Pa.R.A.P. 1925(a) Opinion, Brief for Appellant at 15, we discern no error or abuse of discretion, as the court merely framed the relevant issues presented by Wirs's verbose filings.

a party made more than 30 days after an award is made by an arbitrator under section 7341[6] (relating to common law arbitration), the court *shall* enter an order confirming the award and *shall* enter a judgment or decree in conformity with the order." 42 Pa.C.S.A. § 7342(b) (emphasis added); **see also** Brief for Appellant at 4-6. Wirs contends that because RNC did not contest the Petition to Confirm, the trial court was *obligated* by section 7342(b) to confirm the arbitration award and enter judgment against RNC. Brief for Appellant at 5, 6 (relying on **Beriker v. Permagrain Prods.**, 500 A.2d 178, 179 (Pa. Super. 1985) (observing that use of the word "shall" in section 7342(b) must be interpreted as mandatory)); **see also** Brief for Appellant at 7 (asserting that "[Wirs's] legal arguments should end on the fact that there was no answer [by RNC] to the Petition to Confirm."). Additionally, Wirs argues that the trial court "erred by questioning the arbitrators' jurisdiction[,]" since "[a]ny challenge to the arbitrators' jurisdiction was required to be raised before the arbitrators[;] if not timely raised before the arbitrators, any challenge on jurisdictional grounds is

---

[6] Section 7341 is particularly relevant to this appeal, and provides as follows:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341.

irrevocably waived." Brief for Appellant at 10 (capitalization omitted). Moreover, Wirs argues that "[t]he [trial court] erred by failing to recognize that the [a]rbitrators did not violate the RNC's right to due process by proceeding *in absentia*, because the RNC did not deny that it had due notice." *Id.* at 12; *see also* Reply Brief for Appellant at 3 (averring that "RNC received notice of [the arbitration a]ward on June 10, 2009[,] by email.").

In its Pa.R.A.P. 1925(a) Opinion, the trial court addressed Wirs's claims, set forth the applicable law, and determined that Wirs is not entitled to relief because (1) the arbitration forum failed to establish *in personam* jurisdiction over RNC; and (2) the arbitration award was unenforceable under 42 Pa.C.S.A. § 7341, in that RNC was not given proper notice of the alleged arbitration hearing, which resulted in the entry of an award that was unjust, inequitable and unconscionable. *See* Trial Court Opinion, 5/29/15, at 7-9 (beginning first full paragraph on p. 7); *see also id.* at 11 (stating that "[t]he unwillingness of [Wirs] to permit the tribunal's actions to be viewed with transparency, and the failure to prove the necessary elements of due process, left the [t]rial [c]ourt with no recourse but to have dismissed this matter."). The trial court's sound analysis is supported by the law and the record, and we affirm on this basis with regard to Wirs's claims on appeal, *see id.* at 7-9, albeit with the following addendum.

There is no merit to Wirs's contention that the trial court was statutorily bound to confirm the arbitration award under 42 Pa.C.S.A. § 7342(b). As mentioned above, section 7342(b) specifically references an award by an arbitrator under section 7341. As the trial court properly determined, the arbitration award entered in this case was unenforceable under section 7341 because "the apparent identity of forum, moving party, and arbitrator render[ed] the award unjust, inequitable, and unconscionable." Trial Court Opinion, 5/29/15, at 7 (referencing 42 Pa.C.S.A. § 7341); *see also Andrew*, 976 A.2d at 500. For this reason, Wirs's reliance upon **Beriker, supra**, is unavailing. **Beriker** merely stands for the proposition that where a *valid* and *enforceable* arbitration award is entered, and the prevailing party seeks to confirm the award after more than thirty days had elapsed from the date of the award, section 7342(b) requires the trial court to confirm the award. **See Beriker**, 500 A.2d at 179. In the instant case, the award entered after the arbitration hearing (presuming such hearing actually occurred) was never enforceable because of lack of jurisdiction and a violation of section 7341.

Accordingly, we conclude that the trial court correctly dismissed the Petition to Confirm the arbitration award.

Order affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016

Roosevelt Bentman Trust For The American Voter, In



20140060807036

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## ORPHANS' COURT DIVISION

### O.C. No. 608 IV of 2014

### Control No. 141397

### ROOSEVELT-BENTMAN TRUST FOR AMERICAN VOTERS,

### Inter Vivos Trust

### <u>OPINION</u>

Appellant, Peter Wirs, Trustee of the Roosevelt-Bentman Trust for American Voters, (hereinafter referred to as "Mr. Wirs"), appeals from the Trial Court's Decree dated February 2, 2015, dismissing the 59th Republican Ward Executive Committee's Petition to Confirm Arbitration Award. Appellees are the Republican National Committee and the Charitable Trust and Organization Section of the Pennsylvania Office of the Attorney General.[1]

## <u>Facts and Procedural History</u>

The 59th Republican Ward Executive Committee, (hereinafter referred to as "Petitioner"), established the Roosevelt-Bentman Trust for American Voters,

---

[1]The Republican National Committee was the Respondent listed in the Petition to Confirm Arbitration Award. However, the Superior Court docket lists the Charitable Trust and Organization Section of the Pennsylvania Office of the Attorney General as Appellee and the Republican National Committee as a Participant. The Attorney General's Office did not actively participate in the Trial Court proceedings.



(hereinafter referred to as the "Trust"), on October 4, 2007.[2] The Republican National Committee is alleged to be a qualified beneficiary of the Trust,[3] however it denies any involvement with, or any interest in the Trust.[4]

On May 2, 2014, Petitioner 59th Republican Ward Executive Committee filed a Petition to Confirm Arbitration Award, alleging that an arbitration hearing had been held, which resulted in an award entered in its favor and against the Republican National Committee. The award purportedly became effective June 12, 2009,[5] and Petitioner sought confirmation of the award and entry of judgment.[6]

On the same date as Petitioner's Petition to confirm the arbitration award, Mr. Wirs filed a Petition for Declaratory Judgment on behalf of the Trust, (hereinafter referred to as "Mr. Wirs' Petition"). The Trial Court dismissed Mr. Wirs' Petition on May 21, 2014 due to numerous irregularities and deficiencies, including: failure to request specific relief, failure to identify issues, respondents, and relevant Trust provisions, violation of the Rules of Civil Procedure as the petition was not in paragraph form and was unnecessarily anecdotal, prolix, and devoid of necessary specific factual allegations which would justify relief, and failure to include a copy of the arbitration award which he sought to enforce.[7]

---

[2] Petition to Confirm Arbitration Award, p. 2.
[3] Petition to Confirm Arbitration Award, p. 3.
[4] On The Record Conference, N.T. 10/02/14, p. 13-15.
[5] Petition to Confirm Arbitration Award, p. 3-4.
[6] Petition to Confirm Arbitration Award, p. 4.
[7] Decree Dated 05/21/14, Control #141401.

2

Mr. Wirs filed Exceptions, but then withdrew his Petition on July 3, 2014. The Trial Court dismissed the Exceptions on July 9, 2014 before receiving the praecipe for withdrawal.[8] No appeal was taken by any of the parties to the Trial Court's ruling on Exceptions.

On October 2, 2014, the Trial Court held an On the Record Conference on the remaining outstanding Petition of the 59th Republican Ward Executive Committee to Confirm Arbitration Award. Present at the hearing were Jonathan Goldstein, Esq. and Britain Henry, Esq. for the Republican National Committee, who appeared specifically to challenge propriety of service. Also present were Lawrence Otter, Esq. for the Petitioner and Mr. Wirs as Trustee and Settlor.[9] At the conclusion of the conference, the Trial Court ordered both parties to submit, within 60 days, a Memorandum of Law, discretely and concisely addressing two issues: 1) whether the Orphans' Court is the proper venue to confirm the arbitration award and enter a judgment, and 2) whether the arbitration forum had obtained jurisdiction over the Republican National Committee.[10]

---

[8] Decree Dated 07/9/14, Control #141401.

[9] N.T. 10/2/14, p. 6. Mr. Wirs identified himself on the record as: "I am Peter J. Wirs. I am the Trustee of the Roosevelt Bentman Trust. And for the record, I am an officer of the Settlor, so – but I am here today as the Trustee and the Settlor, as well as the Republican National Committee, as well as all political party committees are my beneficiary {sic},..."

[10] Decree Dated 10/06/14, Control #141397.

3

Pursuant to the Trial Court's Decree, the Republican National Committee filed its Memorandum on December 4, 2014, and Petitioner 59th Republican Ward Executive Committee's was received on December 9, 2014.

Thereafter, on December 11, 2014, the Republican National Committee filed a Motion to Strike Petitioner's Untimely Memorandum of Law,[11] and in response, Petitioner filed a Motion for Filing to Be Deemed Filed as of Submission Date.[12] The Republican National Committee replied on January 8, 2015.

On February 2, 2015, the Trial Court entered a Decree and Memorandum dismissing the 59th Republican Ward Executive Committee's Petition with prejudice. The Trial Court found that the arbitration forum did not have jurisdiction over the Republican National Committee and therefore the purported award could not be given legal recognition. Given the circumstances, the award was unjust, inequitable, unconscionable and in violation of due process. Further, the Orphans' Court has jurisdiction to determine whether an inter vivos trust has used a lawful process in attempting to confirm an arbitration award, even where the Court does not have jurisdiction to confirm the award itself.

On March 6, 2015, Mr. Wirs, as Trustee, appealed the Trial Court's decision dismissing the Petition to Confirm Arbitration Award. Similar to Mr. Wirs' prior

---

[11] Respondent's Motion to Strike, Control #144010.

[12] Petitioner's Motion for Filing to be Deemed as Filed as of Submission Date, Control #150022.

4

filings with the Court, the Notice of Appeal used the same curious language indicating "c/o Victor A. Young, Esq., General Counsel," as his address. Moreover, the cover sheet for the appeal indicates that the filing attorney and the filing party are Peter J. Wirs, and the appeal was signed by Mr. Wirs himself, which has led to further uncertainty as to Mr. Young's role.[13]

No appeal was filed by the Petitioner 59th Republican Ward Executive Committee or by the Republican National Committee.

## Statement of Issues

The Trial Court shall address the issues upon which this matter was decided in a succinct, orderly fashion. Mr. Wirs was not ordered to submit a Statement of Errors pursuant to Pa.R.A.P. 1925(b) based on his prior filings which were confusing, prolix and non-responsive either to the Court's inquiries or the issues.

The issues are as follows:

1. **Did the Trial Court err in finding the alleged arbitration award has no legal effect based on the forum's lack of *in personam* jurisdiction over the Republican National Committee?**

2. **Was the Trial Court correct in finding, based on the procedures used by the arbitration forum, that the award entered was unjust, inequitable and unconscionable and that the arbitration hearing was held in violation of due process?**

---

[13] Attorney Young previously filed a Withdrawal of Appearance on behalf of the Trust on 9/22/2014. Mr. Wirs asserted on the record that Mr. Young is counsel to him, as Trustee, and his address for service is c/o Mr. Young. N.T. 10/2/14, p. 37-39. Mr. Young has not attempted to either clarify his role or prevent the representation that he is counsel by advising the Court to what degree he is herein involved, or the nature of his involvement.

5

3. Does the Orphans' Court have jurisdiction to determine whether an inter vivos trust is being used for improper purposes?

4. Does Mr. Wirs, the arbitrator who entered the purported award, have standing to appeal the Court's Decree nullifying his decision?

## Discussion

In the interest of judicial economy, the discussion section of this Court's Memorandum entered on February 2, 2015 contemporaneously with the Court's Decree, is incorporated herein by reference in this Opinion, as it directly discusses the first three issues on appeal:

1. **The Trial Court did not err in finding the alleged arbitration award has no legal effect based on the forum's lack of *in personam* jurisdiction over the Republican National Committee.**

2. **The Trial Court correctly found, based on the procedures used by the arbitration forum, that the award entered was unjust, inequitable and unconscionable and that the arbitration hearing was held in violation of due process.**

3. **The Orphans' Court has jurisdiction to determine whether an inter vivos trust is being used for improper purposes.**

The pertinent sections of the Trial Court's Memorandum of February 2, 2015 are more fully set forth as follows:

> An arbitration award in a nonjudicial arbitration is binding and may not be vacated or modified "unless it is clearly shown that a party was denied a hearing or fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable, or unconscionable award." 42 Pa.C.S. §7341. The type of irregularity "refers to the process employed in reaching

6

the result of the arbitration, not the result itself." Gwin Engineers v. Cricket Club Estates Development Group, 555 A.2d 1328 (Pa.Super. 1989) citing Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assoc., Inc. 477 A.2d 482 (Pa.Super. 1984).

In the present matter, the Court ordered Petitioner to address the issue of Jurisdiction and Venue. Not only did it fail to do so, it failed to supply the most essential of information, not only in its petition but also in its memorandum. It failed to identify the arbitrator, the date and place of the arbitration hearing, and the details of notice and/or service to establish jurisdiction.

While petitioner failed to specifically identify the arbitrator, since Mr. Wirs is the only Trustee ever mentioned or identified, this leads to the inescapable conclusion that Mr. Wirs was in fact the arbitrator for the arbitration hearing. Given his position as Trustee, as well as an officer of the Petitioner 59th Republican Ward Executive Committee and the party initiating the arbitration and seeking confirmation of the award, he was anything but impartial.

In addition to Petitioner's failure to provide indication of even the semblance of a hearing, it is unquestionable that the arbitration forum lacked *in personam* jurisdiction over Respondent. In order for an arbitration forum to have jurisdiction over an entity, it must be proven that the entity was properly served. Reco Equip., Inc. v. John T. Subrick Contracting, Inc., 780 A.2d 684, 687 (Pa. Super. 2001). Where service has not otherwise been agreed to, service pursuant to our Rules of Civil Procedure (which are applicable in Orphans' Court matters) is required.

Petitioner willfully failed to disclose facts which would have constituted service, thereby establishing jurisdiction over Respondent. Instead, Petitioner chose to make the bold, unsupported assertion in its Memorandum that jurisdiction had been waived.

Petitioner's factual allegations, scant as they are, depict a proceeding which is foreign to our concept of due process. Except for the 1960's television comedy about the fictional town of "Mayberry," no one, learned in the law or not, believes that in America, a judge, party, and prosecutor who all share the same identity can render a decision that is given the weight of law. Even in "Mayberry," the fact that the sheriff was also the justice of the peace and the mayor was part of the ridiculous scenario that made the show laughable.

Petitioner's failure to disclose all pertinent facts leaves the Court with the conclusion that the apparent identity of forum, moving party, and arbitrator renders the award unjust, inequitable, and unconscionable.

7

Despite being given a second opportunity by this Court's Decree of October 6, 2014 to provide specific facts concerning jurisdiction, and upon Petitioner's complete failure to do so, we conclude that the arbitration forum never obtained jurisdiction over Respondent by either actual service or by voluntary submission.

While the Trustee in this matter, Mr. Wirs, has exhibited great knowledge of legal terminology, nowhere has he or his attorney(s) attempted to address the question of jurisdiction and service, except to offer the untenable representation that neither is applicable. The failure to render an explanation as required by this Court's order is fatal to the claim and this Court cannot give the arbitration hearing any legal recognition whatsoever.

This Court is greatly concerned that an astute Petitioner and more than one lawyer have failed to render what is, in our country a universal right, due process of law. Due process protects an entity from being subject to the binding judgments of a forum with which there are no meaningful "contacts, ties, or relations." Kubick v. Letteri, 614 A.2d 1110, 1113 (Pa. 1992); Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 319, 66 S. Ct. 154, 160 (1945). "At a minimum, due process requires notice and right to be heard." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493 (1985).

Further, an arbitration hearing is "not a wholly informal process and requires for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the merits of the controversy." Andrew v. CUNA Brokerage Servs., Inc., 976 A.2d 496, 501 (Pa. Super. 2009) *quoting*, Scholler Bros v. Otto A.C. Hagen Corp., 44 A.2d 321, 322 (Pa. Super. 1945). These minimum standards require that all parties are provided with proper notice, all the arbitrators sit at the hearing, each side is entitled to be heard and to be present when the other party's evidence is being given, and, unless the submission allows a decision by a majority of the arbitrators, all must join in the award. Id.

Respondent Republican National Committee was never given an opportunity to be heard at the arbitration hearing. The only notice it received was an email notification sent two days before the alleged award was to be effective.[14] The email notification failed to provide the specific details of the alleged arbitration hearing, such as the actual date the hearing was held, the place where the arbitration hearing was held, the arbitrators of the hearing, as well as the parties present at the hearing. The Petitioner's failure to provide this information further illustrates the lack of fundamental fairness and shows

---

[14] On the Record Conference, N.T. 10/2/14, p. 21, Exhibit P-1.

8

that the arbitration hearing was not a "fair and impartial disposition of the merits of the controversy." Id. In summary, Petitioner cannot raise an issue, give the Respondent no notice of the hearing, prosecute that issue, decide in his own favor, and then expect a court to give it judicial recognition and enforceability by entering a judgment on its decision.

Section 711 of the Pennsylvania Consolidated Statutes, states as follows: "…the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division: …(3) Inter vivos trust – the administration and distribution of the real and personal property of inter vivos trusts and the reformation or setting aside of any such trust…" 20 Pa. C.S. § 711(3).

The Petition currently before this Court was originally filed in Orphans' Court but obviously does not fall within the grant of the jurisdiction to this Court. With the dearth of facts, we are forced to assume that the inter vivos trust here was the arbitration forum, and the only property sought to be distributed was the property of Respondent, who is obviously not a trust. Therefore, at first glance, this is not a matter of trust administration and/or distribution.

However, since this Court is confronted with an inter vivos trust acting ostensibly outside its sanctioned usual activities with a cavalier disregard for propriety and legality, this Court has jurisdiction to see that its administration conforms to law. It is certainly within the province of Orphans' Court to prevent inter vivos trusts from being illegally used for improper purposes.

Memorandum of the Hon. Matthew D. Carrafiello, A.J. on Roosevelt-Bentman Trust for American Voters (Feb. 2, 2015) (filed under O.C. No. 608 IV of 2014, control number 141397).

### 4. Peter J. Wirs, the arbitrator who entered the purported award, does not have standing to appeal the Trial Court's Decree nullifying his decision.

Mr. Wirs, who was arbitrator of the alleged arbitration hearing, has no standing to appeal the Trial Court's decision dismissing the 59th Republican Ward Executive Committee's Petition. The arbitrator is not a "party," nor is the arbitrator "aggrieved" by the dismissal.

9

Under Pennsylvania law, "An appeal may be taken from:...(3) A court order confirming or denying confirmation of an [arbitration] award," in the same manner, within the same time and to the same extent as an appeal from a final order of court in a civil action. 42 Pa. C.S. § 7320. While it initially appears that Mr. Wirs has standing to appeal this Court's dismissal of the Petition to Confirm Arbitration Award, under the Pennsylvania Rules of Appellate Procedure, any party appealing an order must be an "aggrieved party." Pa. R.A.P. Rule 501. As the Arbitrator, Mr. Wirs is not aggrieved by this Court's determination that the arbitration award cannot be entered, because an arbitrator by definition is "a neutral person who resolves disputes between parties, especially by means of formal arbitration." Black's Law Dictionary 45 (4th pocket ed. 2011). One cannot be deemed both a neutral and aggrieved party for the purposes of litigating the same issue.

Moreover, the Pennsylvania Rules of Civil Procedure state that "an arbitrator may not be called to testify as to what transpired before the arbitrators." Pa. R.C.P. Rule 1311(b). If an arbitrator is not permitted to even testify as to what happened during an arbitration proceeding, then it seems illogical that an arbitrator could be deemed an aggrieved party capable of appealing the confirmation or denial of the arbitration award by the Trial Court.

10

## Conclusion

The unwillingness of the Petitioner to permit the tribunal's actions to be viewed with transparency, and the failure to prove the necessary elements of due process, left the Trial Court with no recourse but to have dismissed this matter. If an arbitration award is to be given the effect and force of law, then the award itself must be demonstrated to have been obtained without violating our most basic legal requirements.

In that all issues have been fully addressed, and the Trial Court having entered its decision in accordance with controlling law, it is respectfully submitted that it be affirmed.

CARRAFIELLO, A.J.

Dated: 5/29/15

Peter J. Wirs

Britain Henry, Esq.

Jonathan Goldstein, Esq.

Lawrence Barth, Esq.

Mark A. Pacella, Esq.

11