******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ALVORD, J., dissenting. Because I believe that the trial court's clearly erroneous finding with respect to the assets of the plaintiff, Shaye McCormick, constituted harmful error, I respectfully dissent from the majority's conclusion that the court did not abuse its discretion in issuing its award of attorney's fees.

I briefly note the applicable standard of review. "In dissolution proceedings, the court may order either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in General Statutes § 46b-82; see also General Statutes § 46b-62. . . . Whether to allow counsel fees, and if so, in what amount, calls for the exercise of judicial discretion. . . . An abuse of discretion in granting counsel fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did. . . . The court's function in reviewing such discretionary decisions is to determine whether the decision of the trial court was clearly erroneous in view of the evidence and pleadings in the whole record." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Pena* v. *Gladstone*, 168 Conn. App. 175, 185–86, 146 A.3d 51 (2016). "Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence in the record to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Buehler* v. *Buehler*, 117 Conn. App. 304, 317–18, 978 A.2d 1141 (2009).

I agree with the facts as recited in the majority opinion.[1] Relevant to this dissent, I specifically agree with the majority that the court did not award attorney's fees on the basis that the plaintiff lacks ample liquid assets to pay for attorney's fees. Rather, the court awarded attorney's fees on the basis that a "failure to award fees would substantially undermine other financial orders of the court."

In awarding fees, however, the trial court erroneously found that the plaintiff "has approximately $1000 combined in her two checking accounts." As the majority recognizes, this finding is not supported by the record. Indeed, the plaintiff's October 17, 2019 financial affidavit disclosed a checking account containing $5939 and a savings account containing $10,129, for a total of $16,068. Moreover, the plaintiff testified during the hear-

ing on her motion for attorney's fees that she had $16,000 in her bank account. Accordingly, the court's finding as to the plaintiff's assets is clearly erroneous.

I disagree with the majority that the court's clearly erroneous factual finding is immaterial. The court's finding as to the amount of the plaintiff's liquid assets was central to its decision granting the award of attorney's fees. Specifically, after narrating facts that could be tied to certain of the statutory criteria,[2] the court built on its clearly erroneous factual finding of the plaintiff's assets by determining that "there is a significant discrepancy between the parties' financial resources, *including liquid assets*." (Emphasis added.) The court made this finding in support of its conclusion that the failure to award attorney's fees would substantially undermine other financial orders of the court.[3] As in the present case, courts routinely consider the parties' assets in their determination of whether the failure to award attorney's fees would undermine other financial orders. See, e.g., *McMellon* v. *McMellon*, 116 Conn. App. 393, 400, 976 A.2d 1 (noting that court had articulated discrepancy between parties' net incomes as well as their assets), cert. denied, 293 Conn. 926, 980 A.2d 911 (2009). In the present case, the court's clearly erroneous determination of the plaintiff's assets, which the court expressly and centrally relied on in making its award of attorney's fees, cannot be deemed to be harmless error.[4]

In light of the court's express reliance on its clearly erroneous factual finding, the trial court's judgment awarding attorney's fees should be reversed.

For the foregoing reasons, I respectfully dissent.

[1] I note in passing the source of this motion to modify. The parties agreed, in their May 9, 2011 separation agreement, which was incorporated into the judgment of dissolution, that the defendant would pay unallocated alimony and child support for 102 months, and the parties further agreed that the defendant thereafter would pay child support. Coincident with its consideration of the defendant's motion for modification and to set a child support order in accordance with the child support guidelines, the court accepted the parties' agreement instituting a temporary child support order.

[2] The statutory criteria encompass a range of considerations, many of which are most relevant to the judge's consideration of an award of attorney's fees related to the dissolution of the marriage.

[3] I note that the "enactment in 1973 [of § 46b-62] represented a departure from the common-law American rule followed in Connecticut, including in family matters cases, under which attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Thus, [our Supreme Court has stated that it is] mindful of other rules of statutory construction applicable when determining whether a statute has abrogated the common law. [W]hen a statute is in derogation of common law . . . it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction. . . . In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." (Citations omitted; internal quotation marks omitted.) *Fennelly* v. *Norton*, 294 Conn. 484, 504–505, 985 A.2d 1026 (2010).

[4] "Where . . . some of the facts found [by the court] are clearly erroneous and others are supported by the evidence, we must examine the clearly erroneous findings to see whether they were harmless, not only in isolation, but also taken as a whole. . . . If, when taken as a whole, they undermine

appellate confidence in the court's [fact-finding] process, a new hearing is required." (Internal quotation marks omitted.) *Zilkha* v. *Zilkha*, 180 Conn. App. 143, 179, 183 A.3d 64, cert. denied, 328 Conn. 937, 183 A.3d 1175 (2018).

———————————————