******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## MARINA P. WALKER *v.* ARTHUR L. WALKER
### (AC 45308)

Cradle, Suarez and Flynn, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court dissolving his marriage to the plaintiff and making certain financial orders. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly failed to consider each factor set forth in the applicable statute (§ 46b-81 (c)) when distributing the marital property: because the trial court expressly stated that it had considered all of the statutory criteria for marital property distributions in § 46b-81, it is presumed to have performed its duty unless the contrary appears from the record, and, in this case, the court provided a well reasoned analysis for the disparity in awards, which was based on the facts, including the origin of the assets, the parties' respective contributions, and their respective needs; moreover, it is well established that, in a case in which the court has considered all statutory criteria, the court need not make express findings as to each individual statutory criterion.

2. The defendant could not prevail on his claim that the trial court applied an unreasonable amount of weight to his fault in the breakdown of the marriage in fashioning its orders distributing the marital property and awarding alimony: the court stated that it had considered all of the statutory factors for distributing marital property in § 46b-81 and for awarding alimony pursuant to statute (§ 46b-82), and this court determined that the trial court properly considered fault in fashioning its financial orders and, in fact, was required to do so because the cause for the dissolution of the marriage is a statutory factor that the court must consider in distributing marital property and awarding alimony in a contested dissolution proceeding; moreover, contrary to the defendant's claim, a finding by the trial court of irretrievable breakdown, rather than intolerable cruelty, a ground also alleged by the plaintiff, does not preclude it from considering fault in fashioning its financial awards; furthermore, although it was not entirely clear from the memorandum of decision the precise amount of weight the trial court gave to fault, it was not necessary for this court to be able to discern this, as when it is evident from the decision that the trial court considered all of the relevant statutory criteria, the trial court is given broad discretion in determining the weight to be given to each individual factor, no single criterion is preferred over others, and the trial court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case, and the trial court's careful reasoning for its financial orders, which had a reasonable basis in the facts, reflected no abuse of the court's broad discretion in assigning the weight to be given to each statutory factor.

Argued September 20—officially released October 31, 2023

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a cross complaint; thereafter, the case was tried to the court, *Moukawsher, J.*; judgment dissolving the marriage and granting certain other relief, from which the defendant appealed to this court. *Affirmed.*

*Kevin F. Collins*, for the appellant (defendant).

*John H. Harrington*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant, Arthur L. Walker, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Marina P. Walker, awarding alimony to the plaintiff and dividing the marital property between the parties. On appeal, the defendant claims that the court improperly (1) failed to consider all of the statutory criteria set forth in General Statutes § 46b-81 (c) in its division of the marital property and (2) applied an unreasonable amount of weight to the defendant's fault in the breakdown of the marriage in fashioning its orders distributing the marital property and awarding alimony.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant to this appeal. The plaintiff and the defendant married in 1993 and had three children together.[2] The parties resided in a house in Old Greenwich, which the plaintiff's father had purchased for her. The plaintiff owned 74.5 percent of the marital home and the defendant owned 25.5 percent. The defendant and his sister inherited a building in Eastchester, New York, that housed the family business, a custom frame shop. The parties remortgaged the marital home and with the proceeds purchased the interest of the defendant's sister in the Eastchester building and the custom frame shop, and thus the defendant became the owner of the custom frame shop. A major cause of the breakdown of the marriage was the defendant's extramarital affairs. The defendant was also repeatedly violent toward the plaintiff. The plaintiff has no job skills outside of her work at the custom frame shop and her limited work in retail. The defendant's annual business income is approximately $100,000.

The court awarded the marital home to the plaintiff, which was worth $800,000 and was burdened with a mortgage of approximately $440,000, and awarded to the defendant the custom frame shop and the Eastchester building, which was worth approximately $600,000, had no mortgage, and had significant rental income with potential for more. The court also ordered that the defendant pay the plaintiff $235,000, which represented the amount for which the parties had mortgaged the marital home to purchase the interest of the defendant's sister in the Eastchester building and the custom frame shop. The court determined that the defendant would receive nothing for his interest in the marital home and the plaintiff would receive nothing for her claim against the custom frame shop, her share of claimed back rent, or any interest on the $235,000 mortgage on the marital home. The court ordered that the defendant pay the plaintiff $1000 per month in modifiable alimony for ten years. This appeal followed. Additional facts will be set forth as necessary.

We begin by noting our general standard of review in family matters. A court must fashion its division of marital property in accordance with the statutory factors in § 46b-81 (c) and its alimony orders in accordance with the statutory factors in General Statutes § 46b-82 (a). See *Riccio* v. *Riccio*, 183 Conn. App. 823, 826, 194 A.3d 337 (2018). We will not disturb a trial court's financial orders in domestic relations cases unless the court has abused its discretion or could not reasonably conclude as it did based on the facts presented. See *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 366–67, 999 A.2d 721 (2010).

I

The defendant first claims that the court improperly failed to consider each statutory factor set forth in § 46b-81 (c) when distributing the marital property. We disagree.

Section 46b-81 (c) provides that the factors that the court shall consider in assigning property in a dissolution case are "the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

The court expressly stated in its memorandum of decision that it "considered all" of the statutory criteria for marital property distributions in § 46b-81. Because the court stated that it had considered all the relevant statutory factors, it is presumed to have performed its duty unless the contrary appears from the record. See *Pencheva-Hasse* v. *Hasse*, 221 Conn. App. 113, 130–31, 300 A.3d 1175 (2023). Nothing contrary to that presumption appears in the record. The court found that the parties were married for twenty-nine years, that the plaintiff was fifty years of age with limited job skills and that the defendant was ten years older with an approximate annual income of $100,000. The court further found that the plaintiff's father purchased the marital home for her and that the defendant inherited a part of the Eastchester building and custom frame shop. The court detailed the amount of interest each party had in the marital home and the Eastchester building housing the custom frame shop and the value of the respective properties, including any outstanding mortgages, and noted that the parties took out a $235,000 mortgage on the marital home to purchase the interest the defendant's sister had in the Eastchester building and custom frame shop. The court also made findings as to the causes of the breakdown of the marriage. It

is well established that in a case in which the court has considered all statutory criteria, the court need not make express findings as to each individual statutory criterion. See, e.g., *Riccio* v. *Riccio*, supra, 183 Conn. App. 826. "It is sufficient that the memorandum of decision at least reflect a proper consideration and weighing of the factors set forth in the statute." (Internal quotation marks omitted.) *Miller* v. *Miller*, 22 Conn. App. 310, 314, 577 A.2d 297 (1990). The court provided a well reasoned analysis for the disparity in awards, which was based on the facts, including the origin of the assets, the parties' respective contributions and their respective needs. We conclude that the memorandum of decision reflects a consideration of the relevant statutory criteria for the distribution of marital property, and, accordingly, the court did not abuse its discretion in that regard.

II

The defendant next claims that the court applied an unreasonable amount of weight to the defendant's fault in the breakdown of the marriage in fashioning its orders distributing the marital property and awarding alimony. Specifically, the defendant argues that the fact that the court dissolved the marriage on the ground of irretrievable breakdown[3] rather than intolerable cruelty, which ground was also alleged in the amended complaint, "leaves open the question as to whether the proportional 'fault' assignment to the defendant/ husband was given unreasonable weight . . . ." He also argues that, because the court did not state that it had considered all of the statutory criteria set forth in § 46b-81 (c) for distributing marital property, it is "impossible to assess whether the court assigned an unreasonable amount of weight to 'fault.' " We disagree.

We begin our analysis by noting that the court did, in fact, state that it had considered all the statutory factors for distributing marital property in § 46b-81 and awarding alimony in § 46b-82.[4] In distributing the marital property, the court reasoned that the plaintiff had a strong claim to the marital home her father purchased for her and the defendant had a strong claim to the building and business his father left him. The court stated that the disparity between the monetary value of the properties distributed reflected: the plaintiff's interest in and contributions to the success of the custom frame shop; the origin of the marital assets; that the defendant was awarded the Eastchester building and custom frame shop with which he can support himself; that the plaintiff has little chance to acquire property in the future and is in need of money on which to live; and the court's findings of fault.

In fashioning the alimony award of $1000 per month from the defendant to the plaintiff for ten years, the court noted that the financial circumstances of the parties were "critical." The court reasoned that, because

the defendant received the custom frame shop, the plaintiff "will be left with no skills and no job. She sacrificed them to maintain a home and raise three children during a marriage that lasted nearly thirty years. She will need time to get a decent job and money to survive until she can recover from her economic dependence on family and family enterprise. Given that [the defendant] will likely struggle to keep his business together and find a new home after paying [the plaintiff] the property settlement, [the plaintiff] will have to accept a sum calculated as best [as] the court can to keep both parties' heads above water." The court further stated that, given that the plaintiff reports no current income, the defendant, who received the custom frame shop, would be left with almost all of the parties' joint income. The court additionally reasoned that, although the plaintiff was unfaithful and there was evidence that she was also violent, the defendant "was both repeatedly unfaithful to her and—especially [because] he admits it—violent. The degree to which he was unfaithful and the degree to which he was violent outstrips any claims he makes on these same subjects against [the plaintiff]."[5]

The court properly considered fault in fashioning its financial orders. In fact, it was required to do so because the causes for the dissolution of the marriage is a statutory factor that the court must consider in distributing marital property and awarding alimony in a contested dissolution proceeding. See *Sweet* v. *Sweet*, 190 Conn. 657, 660, 462 A.2d 1031 (1983); see also General Statutes §§ 46b-81 (c) and 46b-82 (a). Additionally, a finding by the trial court of irretrievable breakdown does not preclude it from considering fault in fashioning its financial awards. *Sweet* v. *Sweet*, supra, 660.

Although it is not entirely clear from the memorandum of decision the precise amount of weight the court gave to fault—other than that fault was one factor among many that it considered in distributing the marital property and that the critical consideration in awarding alimony was the parties' respective financial circumstances—it is not necessary for us to be able to discern this. Because it is evident from the decision that the court considered *all* of the relevant statutory criteria in §§ 46b-81 and 46b-82, it is given broad discretion in determining the weight to be given to each individual factor. See, e.g., *Coleman* v. *Coleman*, 151 Conn. App. 613, 617, 95 A.3d 569 (2014); *McMellon* v. *McMellon*, 116 Conn. App. 393, 395–96, 976 A.2d 1, cert. denied, 293 Conn. 926, 980 A.2d 911 (2009). Although a trial court must consider the statutorily delineated criteria, no single criterion is preferred over others and "the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case." (Internal quotation marks omitted.) *Pencheva-Hasse* v. *Hasse*, supra, 221 Conn. App. 130. The court's careful reasoning for its financial orders, which

has a reasonable basis in the facts, reflects no abuse of the court's broad discretion in assigning the weight to be given to each statutory factor.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In the body of his main appellate brief, the defendant expressly declined to pursue on appeal the following three additional claims, which had been included in his statement of issues: the court erred in providing for an inequitable double-dipping in the plaintiff's favor; the court erred in its weighing of the testimony of a third-party witness in assigning the marital estate; and the court unreasonably limited the amount of time allocated for trial, resulting in the defendant not having an adequate opportunity to present his case. Accordingly, we do not review these expressly abandoned claims. See, e.g., *Citibank, N.A.* v. *Lindland*, 310 Conn. 147, 165, 75 A.3d 651 (2013).

[2] It is undisputed that the parties' three children were adults by the time of the dissolution proceedings.

[3] See General Statutes § 46b-40.

[4] "The statutory factors for determining alimony in  .  .  .  § 46b-82 are almost identical to the factors used to distribute property in  .  .  .  § 46b-81(c). . . . They include: the length of the marriage, the causes for the  .  .  . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81  .  .  .  ." (Citation omitted; internal quotation marks omitted.) *Dombrowski* v. *Noyes-Dombrowski*, 273 Conn. 127, 137, 869 A.2d 164 (2005). In 2013, the legislature added as additional factors "education" and "earning capacity." See Public Acts 2013, No. 13-213; see also General Statutes § 46b-82 (a).

[5] To the extent that the defendant also contends that it was clearly erroneous for the court to find that the degree to which the defendant was unfaithful and violent outstrips any claims he made on those subjects against the plaintiff, we disagree. The court found that both parties were unfaithful and violent but determined that the defendant had admitted his violence and further concluded that it found the plaintiff to be a more credible witness than the defendant. It was within the province of the court to assess credibility, and we will not disturb such determinations on appeal. See *Zilkha* v. *Zilkha*, 167 Conn. App. 480, 487–88, 144 A.3d 447 (2016).