Fred G. ANDREW, Appellant

v.

CUNA BROKERAGE SERVICES, INC. and Emmor E. Boslet, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 24, 2009.
Filed May 27, 2009.

Robin D. Bleecher, Mechanicsburg, for appellant.

Adam L. Saper, Chicago, IL, for appellee.

BEFORE: ALLEN, CLELAND and FITZGERALD *, JJ.

OPINION BY ALLEN, J.:

¶ 1 This case arises out of a statement of claim filed by Fred G. Andrew ("Appellant") against CUNA Brokerage Services

* Former Justice specially assigned to Superior Court

and Emmor E. Boslet ("Appellees"). The pertinent facts may be summarized as follows:

¶ 2 On September 22, 1998, Appellant opened an IRA Brokerage Account with CUNA Brokerage Services ("CUNA") and transferred stocks and retirement funds into the account for investment purposes. The account application signed by Appellant contained a provision by which the parties agreed to submit disputes to arbitration. On July 19, 2006, Appellant filed a Statement of Claim with the National Association of Securities Dealers ("NASD"). Appellant alleged that Emmor E. Boslet ("Boslet"), a financial professional representing CUNA, promised Appellant that his investments would generate a minimum of $3,200 per month. However, Appellant alleged that his accounts sustained a loss of approximately $20,000 in value. The Statement of Claim asserted the following causes of action:

> unjust enrichment, unsuitability, misrepresentations and omissions, negligence, breach of fiduciary duty, breach of contract, violation of Federal Securities Law, violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law [UTP–CPL], failure to supervise, secondary and vicarious liability, respondeat superior, and common law fraud.

Trial Court Opinion, 08/20/2007, at 2.

¶ 3 On February 6, 2007, Appellees filed a motion to dismiss Appellant's claims contending that the claims were not eligible for arbitration and that all of Appellant's claims were barred by the applicable statutes of limitation. R. 169–253. Specifically, Appellees argued that Rule 12206 of the NASD Code of Arbitration Procedure provided that claims were not eligible for arbitration where six years had elapsed from the occurrence or event giving rise to the claim. Appellees asserted that the events giving rise to Appellant's claims arose out of meetings with Ms. Boslet that occurred in 1996 and 1998, outside of the six-year period prior to the filing of the July 19, 2006 statement of claim. Accordingly, Appellees contended that Appellant's claims should be dismissed.

¶ 4 Appellees further argued that Appellant's causes of actions asserting violations of federal securities law were time-barred pursuant to the two and five year limitation periods set forth in the Sarbanes–Oxley Act, 28 U.S.C. § 1658(b)(1). With respect to Appellant's claims under the Pennsylvania Securities Act of 1972, 70 P.S. § 1–101 *et. seq.*, Appellees contended that the one, two and five year limitation periods set forth therein rendered Appellant's claims under that Act untimely. Appellees further argued that Appellant's claims for negligence, breach of fiduciary duty and fraud, were subject to the two-year limitation period set forth in 42 Pa. C.S. § 5524, while his claims for breach of contract and unjust enrichment were barred by the four-year limitation period set forth in 42 Pa.C.S. 5525. Finally, Appellees maintained that Appellant's claims under the Pennsylvania UTPCPL, 73 P.S. § 201–1 *et seq.*, were barred by the applicable six-year limitation period set forth therein. R. 169–253.

¶ 5 Appellant submitted a response to the motion to dismiss in which he asserted, *inter alia*, that Ms. Boslet made material misrepresentations and omissions to him about the status of his investments upon which he reasonably relied, such that he did not become aware of his losses until 2006. He further asserted that an evidentiary hearing was necessary in order to determine when he knew or reasonably should have known that losses had occurred. R. 235–253.

¶ 6 The arbitration panel conducted a telephone conference and heard arguments

on the motion to dismiss. Trial Court Opinion, 08/20/2007, at 9, 10. On March 15, 2007, the arbitration panel entered the following award:

> After considering the pleadings, the testimony and evidence presented at the pre-hearing conference, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. The Panel finds that the claims asserted by [Appellant] are eligible for arbitration. [Appellees'] Motion to Dismiss is therefore denied to the extent that it seeks dismissal of the claims pursuant to Rule 10304(a) of the Code of Arbitration.
>
> 2. The Panel finds that the claims asserted by Claimant are each time-barred by an applicable statute of limitations. The Panel finds no genuine issue of material fact to be presented for trial, and the Panel finds that each claim asserted by [Appellant] is time-barred by an applicable statute of limitations as a matter of law. [Appellees'] Motion to Dismiss is therefore granted in part to the extent that it seeks dismissal of the claims asserted based upon the applicable statutes of limitation.
>
> 3. [Appellant's] claims are dismissed in their entirety, with prejudice.
>
> 4. Any and all relief not specifically addressed herein, including punitive and treble damages, is denied.

Arbitrator's Award, 03/15/2007.

¶ 7 On April 18, 2007, before the Court of Common Pleas, Appellant filed a Petition to Vacate Arbitration Award and Appoint New Arbitrators or, Alternatively, Enter Declaratory Judgment Permitting Petitioner to File Action in State Court. On August 20, 2007, the trial court entered an order and opinion denying Appellant's petition. Appellant filed a motion for reconsideration, which the trial court denied on September 21, 2007. On September 18, 2007, Appellant filed a notice of appeal. On October 1, 2007, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 18, 2007, Appellant filed a Pa. R.A.P. 1925(b) statement.

¶ 8 By order dated August 27, 2008, this Court remanded the appeal to the trial court for entry of an order confirming the arbitration award, and for the entry of judgment thereon. On August 29, 2008, the trial court promptly entered an order confirming the award of the arbitration panel, and on September 3, 2008, the trial court's order was reduced to final judgment. On April 6, 2009, this Court again remanded the appeal to the trial court for an opinion pursuant to Pa.R.A.P. 1925(a). On April 8, 2009, the trial court filed a memorandum opinion pursuant to Pa. R.A.P. 1925(a).

¶ 9 Appellant raises the following issues on appeal:

1. Whether the court erred or abused its discretion when it concluded that it did not matter whether Appellant had a hearing or was denied a hearing, because a hearing was not necessary.

2. Whether the erroneous conclusion of the lower court that Appellant was invited to attend the telephone conference call where the attorneys argued the motion to dismiss filed by Respondents/Appellees was an error of law or an abuse of discretion.

3. Whether the court erred or abused its discretion when it concluded that Appellant did not make a claim under 42 Pa.C.S.A. § 7341 that "other irregularity caused the rendition of an unjust inequitable or unconscion-

able award" and whether the court erred or abused its discretion for failing to vacate the award on that basis.

4. Whether the court erred or abused its discretion when it concluded that the Appellant's right to an NSDA/FINRA arbitration hearing was precluded by statutes of limitation and that such a determination could be made before reaching a hearing on the merits.

5. Whether the court erred or abused its discretion in concluding that the NASD Code of Arbitration Procedure grants arbitrators the authority to dismiss a claim based on the running of a statute of limitation.

6. Whether the court erred or abused its discretion in concluding that the doctrine of *res judicata* precludes any further litigation in state court on Appellant's claims against [Appellees].

Appellant's Brief at 5.

¶ 10 The arbitration agreement in the instant case is governed by the statute pertaining to common law arbitration, 42 Pa.C.S. § 7341 *et. seq.*[1] Our standard of review of common law arbitration is limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

*U.S. Claims, Inc. v. Dougherty,* 914 A.2d 874, 876 (Pa.Super.2006) (internal citations omitted); 42 Pa.C.S. § 7341. "The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence." *McKenna v. Sosso,* 745 A.2d 1, 4 (Pa.Super.1999).

¶ 11 In his first issue, Appellant argues that the trial court erred and abused its discretion when it concluded that Appellant was not entitled to a hearing before the arbitration panel. Appellant argues that the NASD Code of Arbitration Procedure and principles of due process require arbitrators to conduct a hearing before issuing an award. In support of this assertion, Appellant relies on the version of the NASD Code that existed prior to April 16, 2007.[2] Specifically, Appellant relies on

---

1. 42 Pa.C.S. § 7302 governing statutory arbitration provides that "[a]n agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter." Having no evidence that the parties in the instant case, either expressly or by implication, agreed to statutory arbitration, our scope of review will be bound by the common law rules of arbitration. *See also Elkins & Co. v. Suplee,* 371 Pa.Super. 570, 538 A.2d 883, 886 (1988).

2. The NASD Code of Arbitration was amended on April 16, 2007. Appellant's statement of claim was filed on July 19, 2006, and the arbitration award was entered on March 15, 2007, prior to the April 16, 2007 amendments. Appellant therefore relies on the NASD Code that existed prior to the April 16, 2007 amendments. Appellant's Brief at 11.

Rule 10303(a) of the NASD Code, which provides that "any dispute, claim or controversy ... shall require a hearing unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence." R. 261. Appellant further asserts that pursuant to 42 Pa.C.S. § 7341, an arbitration award may be vacated or modified upon a clear showing that a party was denied a hearing. Appellant's Brief at 11, 18, 26.

¶ 12 The trial court determined that Appellant was not entitled to an arbitration hearing prior to the dismissal of his claims due to his failure to comply with applicable statutes of limitation. The trial court explained:

> It would be ludicrous to deny a party the right to assert an affirmative defense—which would be available in an action at law—simply because the controversy is to be resolved through arbitration. It would be equally senseless to proceed to a hearing on the merits while reserving an issue such as the statute of limitations to be resolved at some later point.

Trial Court Opinion, 08/20/2007, at 8–9.

¶ 13 Further, the trial court reasoned that the arbitration panel conducted a telephone conference at which counsel for both parties presented arguments on Appellees' motion to dismiss, and that Appellant provided the panel with a lengthy written response to Appellees' motion. Accordingly, the trial court concluded that Appellant was not entitled to a hearing. Trial Court Opinion, 08/20/2007, at 10. We disagree.

■ ¶ 14 "Arbitration, while not surrounded by the technical procedural safeguards incident to litigation, is not a wholly informal process and requires for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the mer-

its of a controversy." *Scholler Bros. v. Otto A.C. Hagen Corp.*, 158 Pa.Super. 170, 44 A.2d 321, 322 (1945). These minimum standards require that both parties are provided with notice, all the arbitrators must sit at the hearing, each side is entitled to be heard and to be present when the other party's evidence is being given and, unless the submission allows a decision by a majority of the arbitrators, all must join in the award. *Id.* See also *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585, 588 (1973) (Once a dispute has been submitted to arbitration, the parties are entitled to a hearing with "the necessary essentials of due process, i.e., notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause."); *Reisman v. Ranoel Realty Co.*, 224 Pa.Super. 220, 303 A.2d 511, 514 (1973) (Arbitrations are not wholly informal proceedings and the basic principles of hearing conduct must be adhered to, with the arbitration process requiring for its validity the observance of certain minimum standards indispensable to the securing of a fair and impartial disposition of the merits of a controversy, i.e., a full hearing with the opportunity *to be heard and to present* evidence.)

■ ¶ 15 "[A]djudicatory action cannot validly be taken by any tribunal, whether *judicial or administrative, except upon a* hearing, wherein each party shall have the opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to *introduce evidence in his own behalf and to* make argument." *Fioravanti*, 299 A.2d at 588. Therefore, where a matter is submitted to arbitration, arbitrators are obliged to abide by the minimal procedural *requirements necessary for common law ar-*

bitration which entails granting the parties a full and fair hearing.

¶ 16 In *Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 683 A.2d 931, 933 (1996) (internal citations omitted), we explained:

> Once it has been determined that the substantive dispute is arbitrable, all matters necessary to dispose of the claim are normally arbitrable as well. Such ancillary matters include procedural questions which grow out of the substantive dispute and bear on its final disposition. Where the underlying dispute is arbitrable, the applicability of a statute of limitations is also.

*See also Merchants Mut. Ins. Co. v. American Arbitration Ass'n*, 433 Pa. 250, 248 A.2d 842 (1969) (where arbitration clause provided that arbitrator has the power to consider all issues, the issue of the applicability of the statute of limitations came within the arbitrator's purview); *Woodward Heating & Air Conditioning Co. v. American Arbitration Ass'n*, 259 Pa.Super. 460, 393 A.2d 917, 920, n. 4. (1978) ("whether a claim is barred by the statute of limitations should be determined by arbitration"); *Interdigital Comm. Corp. v. Federal Ins. Co.*, No. 08–1986, 2009 WL 205627 (3d Cir. Jan. 29, 2009) (unpublished opinion) (defense to an arbitrable claim considered a component of the dispute on the merits and must be considered by an arbitrator).

¶ 17 The trial court in the instant case noted that "[Appellant] was given the opportunity to respond to [Appellees'] motion to dismiss and present argument in opposition. He filed a nineteen page written response and participated in a lengthy telephone hearing." Trial Court Opinion, 08/20/2007, at 10. Consequently, the trial court did not find that a hearing was warranted.

■ ¶ 18 Appellant counters that the telephone conference at which the arbitrators heard only the arguments of counsel regarding Appellees' motion to dismiss was simply a pre-hearing argument which did not qualify as a full and fair evidentiary hearing upon which an arbitration award could be entered. Appellant asserts that the arbitration panel was not presented with all the evidence needed to ascertain when Appellant's causes of action arose. Appellant's Brief at 20, 23. He argues that the resulting inequity is that the arbitration panel could not have properly considered the pertinent limitations periods in the absence of a full and fair fact-finding hearing.[3] Appellant's Brief at 19. Appellant posits that in the absence of a hearing, the arbitration panel was not in possession of adequate information from which to determine whether and when Appellant knew or should have known that he had a cause of action. Appellant's Brief at 22.

¶ 19 Courts of this Commonwealth have concluded that the failure of arbitrators to consider material evidence constitutes the denial of a full and fair hearing. *See Smaligo v. Fireman's Fund Ins. Co.*, 432 Pa. 133, 247 A.2d 577 (1968). In the in-

---

**3.** Appellant's arguments as to the nature of the evidence that he was precluded from offering are presented in greater detail in his response to Appellees' motion to dismiss the statement of claim. R. 235–253. Appellant argues that he would have produced evidence and testimony to demonstrate that he had no reasonable basis to believe that he had suffered losses until shortly before he filed his statement of claim, that Appellees repeatedly misrepresented the status of his financial affairs, and that he reasonably relied on Appellees' alleged misrepresentations, such that he did not become aware that he had suffered losses until 2006. Appellant further asserts that he would have presented evidence that he was an unsophisticated investor with only a high school education and rudimentary understanding of investment strategy.

stant case, after careful review, we conclude that the arbitration panel should have conducted a hearing to consider evidence and testimony as to whether Appellant's causes of action are timely. Accordingly, we vacate the September 3, 2008 judgment and remand this matter to the trial court with instructions to remand to the arbitration panel for an evidentiary hearing and disposition.

¶ 20 Because we conclude that Appellant is entitled to an evidentiary hearing before a panel of arbitrators, we need not address Appellant's remaining issues.

¶ 21 Judgment vacated. Case remanded consistent with the foregoing. Jurisdiction relinquished.