J-A05036-19

2019 PA Super 78

| JOYCE A. MORSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FISHER ASSET MANAGEMENT, LLC, | : | No. 1104 WDA 2018 |
| STEWART HOLLINGSHEAD, AND | : | |
| SHAWN WEIDMANN | : | |

Appeal from the Judgment Entered July 5, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-09-010627

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

OPINION BY MURRAY, J.: **FILED MARCH 15, 2019**

Joyce A. Morse (Appellant) appeals from the judgment entered after the trial court denied her petition to vacate arbitration award with respect to Fisher Asset Management, LLC (Fisher Asset), Stewart Hollingshead, and Shawn Weidmann (collectively Appellees).  We hold, *inter alia*, that if a trial court sustains preliminary objections that seek enforcement of an agreement for alternate dispute resolution pursuant to Pa.R.C.P. 1028(a)(6), and accordingly dismisses a complaint, then the dismissal does not stay the action for purposes of the statute of limitations.

Appellee Fisher Asset is an investments-adviser firm, and Appellees Hollingshead and Weidmann were its employees.  On January 4, 2008, Appellant executed a contract with Fisher Asset to retain its services.  The contract included the following arbitration clause:

> Any dispute, claim or controversy arising out of this Agreement or otherwise between [Appellees] and [Appellant], including but not limited to the breach, termination, enforcement, interpretation or validity of this Agreement and the scope and applicability of the agreement to arbitrate contained in this paragraph, shall be determined by an arbitration before the Judicial Arbitration and Mediation Service ("JAMS") office closest to [Appellant's] principal place of residence before one arbitrator who shall be a retired judicial officer. . . . The arbitration shall be administered by JAMS pursuant to the Comprehensive Arbitration Rules and Procedures. The laws of the State of Delaware shall govern the substantive rights of the parties. The arbitration shall be final and binding, and judgment on the award may be entered in any court having jurisdiction. [Appellant] understands that by agreeing to arbitration, [Appellant] is waiving all rights to seek remedies in court, unless otherwise mandated by federal or state securities laws.

Appellees' Brief in Support of Preliminary Objections, 5/5/10, Exhibit A (Letters of Agreement, 1/4/08, at 5).

On June 11, 2009, Appellant filed a civil complaint against Appellees in the trial court, raising six counts: breach of fiduciary duty, common law fraud, violations of the Unfair Trade Practices and Consumer Protection Law[1] (UTPCPL), negligence, breach of contract, and failure to supervise. Appellees filed preliminary objections, seeking dismissal of Appellant's complaint on the basis that the parties' contract required that the dispute be submitted to arbitration. The trial court agreed, and on May 13, 2010, it sustained the preliminary objections and dismissed Appellant's complaint. Appellant did not appeal.

---

[1] 73 P.S. §§ 201-1 to 201-9.3.

Nearly six years later, on March 4, 2016, Appellant filed an "Arbitration Statement of Claim" with JAMS. Appellant acknowledged that this statement of claim was substantially identical to her 2009 complaint. Appellant's Petition to Vacate, 4/17/17, at 2. Appellees moved to dismiss Appellant's arbitration claim, arguing that it was time-barred by statutes of limitations. The arbitrator agreed, and without holding a hearing, dismissed Appellant's claim with prejudice on March 10, 2017. According to Appellant, she was served with the arbitrator's decision on March 16, 2017.

On March 17, 2017, Appellant filed, in the trial court, the instant petition to vacate the arbitration award. She alleged that her claim with JAMS was timely because: (1) her 2009 civil complaint was timely under the applicable statutes of limitation; and (2) the trial court's May 13, 2010 order dismissing her complaint stayed the proceedings. Appellant further asserted that the arbitrator improperly denied her a hearing. The trial court issued an order on September 8, 2017, finding that Appellant's arbitration claim was time-barred.

Appellant appealed to this Court, but on December 22, 2017, discontinued her appeal after acknowledging that an order denying a petition to vacate an arbitration award is not appealable. *See Morse v. Fisher Asset Management, LLC*, 1667 WDA 2017, Rule to Show Cause (*per curiam*) (Pa. Super. Dec. 6, 2017) ("The proper procedure following entry of such order is for the trial court to enter an order confirming the arbitration award, and an appeal properly lies from entry of judgment following confirmation.").

Seven months later, on July 5, 2018, Appellant filed a praecipe to enter judgment, and the trial docket reflects that judgment was entered.[2]  Appellant filed a second notice of appeal on August 2, 2018.[3]  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and she timely complied.  The trial court's Rule 1925(a) statement referenced its prior November 3, 2017 memorandum as explaining the reasons for its ruling.

On appeal, Appellant presents the following issues:

1. Whether the lower court committed reversible error by denying Appellant's Petition to Vacate Arbitration Award and Appoint Arbitrator, where (i) Appellant commenced the action and satisfied all applicable limitations periods by timely filing and serving her Complaint, (ii) the arbitrator exceeded the power and authority given to him by the parties in their agreement and the applicable rules adopted therein, and (iii) the arbitrator denied Appellant a

---

[2] We note irregularities in the electronic certified record transmitted on appeal. First, Appellant's praecipe to enter judgment does not bear a "filed" time stamp, nor is the praecipe entered as "filed" on the docket.  Further, Appellant's proposed "Notice of Order, Decree or Judgment" includes a signature line for the Department of Court Records, but is not signed. Nevertheless, there are five identical docket entries, dated July 5, 2018, entitled "Judgment on Order of Court," which state "Notice of judgment sent." The "filing party," however, is listed as Appellant, whereas judgment is properly entered by the Department of Court Records.

[3] To date, the trial court has not entered an order confirming the arbitration award.  ***See Sherman v. Amica Mut. Ins. Co.***, 782 A.2d 1006, 1007 n.1 (Pa. Super. 2001) ("Following the denial or dismissal of a petition to vacate or modify an arbitration award, proper procedure requires the trial court to issue an order confirming the arbitration award and to enter judgment on this order.").  However, where the court has entered judgment, and "as it was the court's responsibility to issue a separate confirming order prior to the entry of judgment, it is not appropriate to punish Appellant[ ] for this procedural failure." ***See id.***

hearing, all of which constituted an irregularity resulting in an unjust, inequitable or unconscionable award?

2. Whether, upon vacating the arbitration award, the court should appoint an arbitrator as requested in Appellant's Petition to Vacate Arbitration Award and Appoint Arbitrator?

Appellant's Brief at 4-5.[4]

At the outset, we note our standard of review:

Judicial review of a common law arbitration award is very narrow. Arbitrators are the final judges of law and fact and their award will not be disturbed for mistakes of either. Such awards are binding and may not be vacated or modified "even if blatantly at odds with the contract involved" absent "a showing of a denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award." [**See**] 42 Pa.C.S.A. § 7341[.]

***Vogt v. Liberty Mut. Fire Ins. Co.***, 900 A.2d 912, 919 (Pa. Super. 2006)

(citations omitted). This Court has stated:

[A]n appellant "bears the burden to establish both the underlying irregularity and the resulting inequity by 'clear, precise and indubitable evidence.'" "In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." A cognizable irregularity may appear in the conduct of either the arbitrators or the parties. Our Supreme Court has stated that the phrase "other irregularity" in the process employed imports "such bad faith, ignorance of the law and indifference to the justice of the result" as would cause a court to vacate an arbitration award.

---

[4] Although Appellant raises two issues in her statement of questions presented, the summary of her argument presents three issues, and her argument is divided under six headings. We remind counsel that "[t]he argument shall be divided into as many parts as there are questions to be argued." ***See*** Pa.R.A.P. 2119(a).

***F.J. Busse Co. v. Zipporah, L.P.***, 879 A.2d 809, 811 (Pa. Super. 2005).

In her first issue, Appellant characterizes the arbitrator's dismissal of her claim as an "irregularity" which must be vacated because her claims were timely filed.[5] Appellant's Brief at 20. Appellant maintains that her timely-filed 2009 complaint in the trial court "stopped the running of any limitations period"; that the court's May 13, 2010 order (directing the parties to arbitration) "automatically stayed" the case; and therefore "the original action filed [in 2009] remains pending and, indeed, gave birth to this appeal." ***Id.*** at 20-23. Additionally, Appellant contends that JAMS does not impose any time limitations for the filing of an arbitration claim, and thus the arbitrator had no authorization to impose any on her.

With respect to the application of a statute of limitations to an arbitration matter, this Court has explained:

> Once it has been determined that the substantive dispute is arbitrable, all matters necessary to dispose of the claim are normally arbitrable as well. Such ancillary matters include procedural questions which grow out of the substantive dispute and bear on its

_____

[5] Appellant appropriately contends that because the parties' arbitration clause did not expressly state that statutory arbitration would apply, any arbitration would be governed by common law. ***See*** Appellant's Brief at 18, *citing* 42 Pa.C.S.A. § 7302(a) (agreement to arbitrate a controversy shall be conclusively presumed to be an agreement to arbitrate pursuant to common law unless the agreement expressly provides for arbitration pursuant to statute). ***See also id.***, *citing* 42 Pa.C.S.A. § 7341 (arbitration award "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award").

> final disposition. Where the underlying dispute is arbitrable, the applicability of a statute of limitations is also.
>
> *See also Merchants Mut. Ins. Co. v. American Arbitration Ass'n*, . . . 248 A.2d 842[, 844] (Pa. 1969) (where arbitration clause provided that arbitrator has the power to consider all issues, the issue of the applicability of the statute of limitations came within the arbitrator's purview); *Woodward Heating & Air Conditioning Co. v. American Arbitration Ass'n*, . . . 393 A.2d 917, 920, n.4. (Pa. Super. 1978) ("whether a claim is barred by the statute of limitations should be determined by arbitration")[.]

*Andrew v. CUNA Brokerage Servs.*, 976 A.2d 496, 502 (Pa. Super. 2009) (some citations omitted). *See also* Appellees' Brief at 22-23, *citing Woodward Heating & Air Conditioning Co.*, 393 A.2d at 920 n.4 ("It has been held that whether a claim is barred by the statute of limitations should be determined by arbitration.").

The statute of limitations for an action to recover damages for injury to property which is founded on negligent tortious conduct is 2 years. 42 Pa.C.S.A. § 5524(7). The statute of limitations for an action upon a contract is 4 years. 42 Pa.C.S.A. § 5525(a)(8). A UTPCPL claim is subject to the 6-year statute of limitations under 42 Pa.C.S.A. § 5527(6); *Fazio v. Guardian Life Ins. Co. of Am.*, 62 A.3d 396, 411 (Pa. Super. 2012) (citation omitted).

We first consider Appellant's contention that the trial court's dismissal of her 2009 complaint, on May 13, 2010, acted to stay the proceedings and toll the statute of limitations. Appellees argue that when Appellant filed her 2009 complaint, Appellees had two procedural avenues to compel arbitration: they could either file an application pursuant to 42 Pa.C.S.A. § 7304 and

§ 7342 to compel arbitration and thus prompt a stay, or they could file preliminary objections under Pa.R.C.P. 1028 to dismiss Appellant's complaint. Appellees contend that because they filed preliminary objections, which were granted, Appellant's complaint was dismissed. Appellees' Brief at 29-30. We examine Section 7304 and Rule of Civil Procedure 1028.

Section 7342 of our Judicial Code provides that Section 7304 applies to common law arbitrations. 42 Pa.C.S.A. § 7342(a). Section 7304, in turn, provides:

> **§ 7304. Court proceedings to compel or stay arbitration.**
>
> **(a) Compelling arbitration.** — On application to a court to compel arbitration . . . and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. . . .
>
> \* \* \*
>
> **(d) Stay of judicial proceedings.** — An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. . . . If the application for an order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding.

42 Pa.C.S.A. § 7304(a), (d).

Of further relevance, Rule of Civil Procedure 1028, "Preliminary Objections," states:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> \* \* \*

(6) . . . agreement for alternative dispute resolution[.]

*Note:* An agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration pursuant to the Uniform Arbitration Act, 42 Pa.C.S.[A.] § 7304, or the common law, 42 Pa.C.S.[A.] § 7342(a).

Pa.R.C.P. 1028(a)(6) & *note.*

Mindful of the foregoing, we agree with Appellees that when presented with Appellant's complaint in 2009, they could have sought enforcement of the arbitration agreement by either filing preliminary objections or a petition to compel arbitration. Had they opted to proceed with a petition to compel under Section 7304 and the trial court granted it, the resulting court order would have, consistent with Appellant's argument, had to include a stay of the proceeding. *See* 42 Pa.C.S.A. § 7304(d). However, Appellees opted to file preliminary objections under Rule 1028, seeking dismissal. Neither Rule 1028, nor any other Rule of Civil Procedure or other Pennsylvania authority, provides that an order sustaining preliminary objections, with respect to enforcing an agreement to arbitrate, stays an action. We thus agree with Appellees that when the court sustained their preliminary objections and **dismissed** Appellant's 2009 complaint, the action was not stayed. As Appellees note, Appellant did not appeal from the order dismissing her action. Accordingly, the court's May 13, 2010 order did not stay the 2009 action and did not toll the statute of limitations.

In reviewing Appellant's additional argument — that no statute of

limitations applied to her arbitration claim — we reiterate the language of the parties' arbitration clause:

> **Any** dispute, claim or controversy arising out of this Agreement . . . including . . . the scope and applicability of the agreement to arbitrate . . . shall by determined by an arbitration before [JAMS]. The arbitration shall be administered by JAMS pursuant to the Comprehensive Arbitration Rules and Procedures.

*See* Appellees' Brief in Support of Preliminary Objections, 5/5/10, Exhibit A (Letters of Agreement, 1/4/08, at 5) (emphasis added).

Instantly, the trial court found no error in the arbitrator's decision, which the court "incorporated" in its November 3, 2017 memorandum. *See* Trial Court Memorandum, 11/3/17, at 2. The arbitrator observed that the parties did not "expressly incorporate a statute of limitations into the arbitration clause of their agreement." Arbitrator's Decision, 3/10/17, at 3. The arbitrator recognized, as Appellant argued, that JAMS rules "do not expressly mention whether statutes of limitations will apply if a dispute is filed in arbitration." *Id.* Nevertheless, the arbitrator emphasized that "JAMS does recognize that statute of limitation arguments may arise in defending claims, and . . . JAMS Rule 18 allows arbitrators to hear dispositive motions on this issue." *Id.* On appeal, Appellant does not acknowledge nor challenge the arbitrator's reliance on the JAMS rule.

After careful consideration of the parties' arguments, the certified record, and prevailing legal authority, we agree with the trial court that the issue of the applicability of the statutes of limitations was properly before the

- 10 -

arbitrator. *See Andrew*, 976 A.2d at 502 (restating that where an arbitration clause provided that an arbitrator has the power to consider all issues, the issue of the applicability of the statute of limitations came within the arbitrator's purview). Further, our review has yielded no "irregularity" in the arbitrator's decision, nor any error by the trial court.

Appellant also contends that the arbitrator erred in dismissing her claim without a hearing. Appellant disregards the JAMS rules, to which the parties agreed when they entered the contract, and which, as Appellees emphasize, "specifically allow for summary disposition without a hearing." Appellees' Brief at 38.

To the extent Appellant relies on *Andrew*, 976 A.2d 496, which held that the plaintiff was entitled to an evidentiary hearing before the arbitrator on the issue of whether his claims were time-barred by the statute of limitations, we find that case to be distinguishable. In *Andrew*, the plaintiff filed an arbitration claim against an investment firm pursuant to an arbitration clause in the parties' contract. *Andrew*, 976 A.2d at 498. The defendant firm filed a motion to dismiss, arguing that all of the plaintiff's claims were barred by the applicable statute of limitations. *Id.* The plaintiff responded that one of the defendant's employees "made material misrepresentations and omissions to him about the status of his investments upon which he reasonably relied, such that he did not become aware of his losses until [later]," and "that an evidentiary hearing was necessary in order to determine

when he knew or reasonably should have known that losses had occurred." *Id.* On appeal, this Court agreed, reasoning "that the arbitration panel should have conducted a hearing to consider evidence and testimony as to whether [the plaintiff's] causes of action [were] timely." *Id.* at 503.

In this case, the trial court rejected Appellant's reliance on *Andrew*, pointing out that in *Andrew*, the plaintiff sought an arbitration hearing to adduce facts as to when his cause of action arose and "involved the applicability of the discovery rule . . . which is not an issue herein."[6] On appeal, Appellant does not dispute the trial court's distinguishing the facts and posture of the *Andrews* decision from this case, nor does she claim that an evidentiary hearing is warranted to determine when her cause of action arose. There is no dispute as to when Appellant's cause of action arose, and moreover, our review reveals no "irregularity . . . in the conduct of the arbitrator." *See F.J. Busse Co.*, 879 A.2d at 811. In sum, we find no merit to Appellant's claim that she was entitled to a hearing before the arbitrator.

Finally, Appellant asserts that the arbitrator "doomed" her case, and asks this Court to appoint "one or more arbitrators, from the Pittsburgh bar. . . to hear this case." Appellant's Brief at 31. Appellees, citing the language in

---

[6] The trial court also reasoned that Appellant waived this issue because Appellant "never sought a hearing before the arbitrator." Trial Court Memorandum, 11/3/17, at 2. As the certified record does not include the pleadings filed with the arbitrator, we do not consider whether Appellant waived this claim.

- 12 -

the parties' arbitration clause, counter that the "agreement unequivocally requires that [arbitration] be heard by a retired judge from JAMS in Philadelphia." Appellees' Brief at 42. While we agree with Appellees, the issue is moot because our disposition negates any need for the appointment of an arbitrator.

For the foregoing reasons, we affirm the trial court's order denying Appellant's petition to vacate arbitration award.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/15/2019