J-S44013-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| GUARDIAN PROTECTION SERVICES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| INTEGRITY SURVEILLANCE SOLUTIONS, INC. D/B/A INTEG CONSTRUCTION SERVICES, INTEG HOLDINGS, LLC, MICHAEL PARRISH AND SAM DAOOD | : | No. 212 WDA 2019 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered January 11, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): Arbitration No# 01-17-0007-5530,
Case No. GD-18-008949

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: FILED SEPTEMBER 16, 2019

Integrity Surveillance Solutions, Inc. d/b/a Integ Construction Services, Integ Holdings, LLC, Michael Parrish, and Sam Daood (collectively "Integrity") appeal from the judgment entered on January 11, 2019, in favor of Guardian Protection Services, Inc. ("Guardian"). We reverse in part and affirm in part.

This case stems from a contract dispute between Guardian and Integrity. Pursuant to the contract, the parties submitted to an American Arbitration Association Commercial Arbitration Tribunal. Following an unrecorded proceeding, the arbitrator entered an award, in relevant part, as follows:

(1)     On the merits, the Arbitrator awards for Claimant Guardian Protection Services, Inc. against only Respondents Integrity Surveillance Solutions, Inc. and Integ Holdings, LLC the principal amount of $11,401.00 plus attorney fees in the amount of $15,000.00, for a total award of $26,401.00.

(2)     All counterclaims asserted by Respondents Integrity Surveillance Solutions, Inc., Integ Holdings, LLC, Michael Parris and Sam Daood are denied.

Arbitration Award, 6/11/18 (emphasis supplied).

Guardian filed a petition to modify, or alternatively, to vacate the arbitration award ("Petition to Modify"). Petition to Modify, 7/5/18. Therein, Guardian averred that the arbitrator "so completely demonstrated his 'bad faith, ignorance of the law and indifference to the justice of the result' that Guardian now seeks modification or, alternatively, vacatur of the award." Id. at ¶ 11. Specifically, Guardian complained that, "in blatant ignorance of the law, the arbitrator rendered [the] award against the corporate defendants only," despite the fact that "the individual defendants were parties to the contract (a fact the individual defendants freely conceded and the arbitrator indisputably found), . . . bound by the terms of that contract and equally liable for its breach." Id. at ¶¶ 18, 19.

Integrity filed a response, claiming, "[N]owhere in [Guardian's] Petition is any evidence of the bad faith, ignorance of the law and indifference to the justice of the result. Because there is no evidence of wrongdoing by the arbitrator, the arbitration must stand." Response to Petition to Modify, 7/26/18, at ¶ 11. Specifically, Integrity asserted:

- 2 -

[Guardian] fails, refuses, and/or tactically neglects to reference which portion of the contract [on] which they rely in order to find personal liability against the individual defendants. Continuing, this issue was aggressively litigated throughout the duration of the arbitration and the arbitrator found that the purported personal guarantee was of no consequence and rendered the award accordingly.

Id. at ¶ 19.

The Honorable Donald R. Walko entered an order granting Guardian's Petition to Modify and altering the arbitration award language to include the individual defendants:

(1)    On the merits, the Arbitrator awards for Claimant Guardian Protection Services, Inc. **against Respondents Integrity Surveillance Solutions, Inc. and Integ Holdings, LLC, Michael Parrish, and Sam Daood** the principal amount of $11,401.00 plus attorney fees in the amount of $15,000.00, for a total award of $26,401.00.

Order of Court, 9/26/18 (emphasis supplied). Notably, the trial court did not conduct a hearing on the Petition to Modify or serve the parties with notice of its order granting the Petition to Modify.

Upon learning that the trial court had entered an order granting its Petition to Modify, Guardian filed a Praecipe to Enter Judgment on December 10, 2018, based on the modified arbitration award. Integrity filed an objection and a motion to vacate the modified arbitration award on December 20, 2018. For reasons not explained in the record, the clerk of courts did not enter judgment. Consequently, Guardian filed a Motion for Entry of Judgment in Conformance with Order on January 11, 2019. On the same day, the Honorable Robert J. Colville entered judgment in conformance with the

- 3 -

modified arbitration award.  This appeal followed.  Notice of Appeal, 2/7/19.

Integrity and the trial court complied with Pa.R.A.P. 1925.[1]

Integrity presents the following questions for our consideration:

1. [Is Integrity] entitled to an entry of the arbitration award in its original form and/or entitled to new trial/arbitration when the trial court abused its discretion, and/or misapplied the law which resulted in the judicial process effecting serious injustices including, but not limited to the following:

   a) Modifying an Arbitration award on a basis of fact and law, finding that individual Appellants, [Michael] Parrish and Sam Daood, were personally liable for the arbitration award rendered against their company and not in their individual capacity?

   b) The arbitration hearing was conducting without a stenographer or any other recorded means whereby a transcript could be generated and no record exists?

Integrity's Brief at 7.

We are guided by the following standards:

> Judicial review of a common law arbitration award is very narrow. Arbitrators are the final judges of law and fact and their award will not be disturbed for mistakes of either. Such awards are binding and may not be vacated or modified even if blatantly at odds with the contract involved absent a showing of a denial of a hearing or fraud, misconduct, corruption, or similar irregularity

_____

[1]   The trial court's Pa.R.A.P. 1925(a) opinion consists of the following statement:  "[T]he reasons for my January 11, 2019 Order of Court are set forth as follows. I entered the order granting judgment in conformance with Judge Walko's September 26, 2018 Order modifying the arbitration award." Trial Court Opinion, 5/16/19.

leading to an unjust, inequitable, or unconscionable award. See 42 Pa.C.S.A. § 7341.[2]

* * *

[A]n appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself. A cognizable irregularity may appear in the conduct of either the arbitrators or the parties. Our Supreme Court has stated that the phrase "other irregularity" in the process employed imports "such bad faith, ignorance of the law and indifference to the justice of the result" as would cause a court to vacate an arbitration award.

Morse v. Fisher Asset Management, LLC, 206 A.3d 521, 525 (Pa. Super. 2019) (quoting Vogt v. Liberty Mut. Fire Ins. Co., 900 A.2d 912, 919 (Pa. Super. 2006) (citations omitted), and F.J. Busse Co. v. Zipporah, L.P., 879 A.2d 809, 811 (Pa. Super. 2005)) (some internal quotation marks omitted). We consider whether, "in interpreting the award, the trial court exceeded its scope of authority by an abuse of discretion or error of law." Roccograndi v. Martin, ___ A.3d ___, 2019 PA Super 203, at * 4 (Pa. Super. filed July 1, 2019) (citation omitted). Because the interpretation of a contract is a matter of law, we need not defer to the conclusions of the trial court. Beemus v. Interstate Nat. Dealer Services, Inc., 823 A.2d 979 (Pa. Super. 2003)

_____

[2] "The award of an arbitrator in a nonjudicial arbitration . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. § 7341.

(quoting Roman Mosaic and Tile Co. v. Thomas P. Carney, Inc., 729 A.2d 73, 77 (Pa. Super. 1999) (citations omitted)).

Upon review of the paltry record in this matter, we conclude that the trial court's order of September 26, 2018, was an abuse of discretion and an error of law. Guardian generally averred in its Petition to Modify that because the individual defendants were parties to the contract, they were "bound by the terms of that contract and equally liable for its breach." Petition to Modify, 7/5/18, at ¶ 19. However, as Integrity points out, Guardian does not refer to any provisions of the contract indicating that Michael Parrish and Sam Daood entered the contract in their individual capacities or assumed personal liability for any breach of the contract. Response to Petition to Modify, 7/26/18, at ¶¶ 19, 27. Significantly, the arbitrator expressly limited his award to Guardian as "against only" the corporate defendants, which indicates that he did not consider Michael Parrish and Sam Daood personally liable on the parties' contract. Arbitration Award, 6/11/18.

We reiterate, "Arbitrators are the final judges of law and fact and their award will not be disturbed for mistakes of either." Morse, 206 A.3d at 525 (emphasis supplied); Vogt, 900 A.2d at 919. Thus, the arbitrator's award in this case was "binding and could not be vacated or modified even if blatantly at odds with the contract involved" absent "a showing of a denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award." Morse, 206 A.3d at 525

(emphasis supplied); Vogt, 900 A.2d at 919; 42 Pa.C.S. § 7341.   Guardian has failed to show the denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award . . . ."  42 Pa.C.S. § 7341.   Furthermore, Guardian has not met its burden of establishing an underlying irregularity and the resulting inequity by clear, precise and indubitable evidence.   Morse, 206 A.3d at 525;  F.J. Busse Co., 879 A.2d at 811.   Consequently, the trial court's modification of the arbitration award compels reversal of the September 26, 2018 order as to the individual parties, Michael Parrish and Sam Daood, and restoration of the original arbitration award against only the corporate defendants.   Accordingly, we reverse the judgment entered on January 11, 2019 in favor of Guardian against the individual defendants, Michael Parrish and Sam Daood, and we affirm the entry of judgment in favor of Guardian against the corporate defendants, Integrity Surveillance Solutions, Inc. d/b/a Integ Construction Services and Integ Holdings, LLC.

Judgment reversed in part and affirmed in part.   Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/16/2019

- 7 -