NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3589
_____

WILLIAM L. RODGERS,
                    Appellant

v.

LINCOLN BENEFIT LIFE COMPANY; ROBERT MARTINI; MARTINI
FINANCIAL SERVICES, LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-19-cv-00350)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 19, 2020
_____

Before: GREENAWAY, JR., COWEN, and FUENTES, *Circuit Judges.*

(Opinion Filed: February 5, 2021)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge.*

        In this case, we must decide whether the District Court erred in granting summary

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

judgment on the ground that Plaintiff William Rodgers failed to file suit within Pennsylvania's statute of limitations period. For the reasons set forth below, we will affirm.

## I. BACKGROUND

In November 1999, pro se Plaintiff-Appellant William L. Rodgers ("Rodgers") purchased a life insurance policy with a face amount of $500,000 issued by Lincoln Benefit Life Company ("Lincoln Benefit") from Robert Martini ("Martini"), Rodgers's friend and financial advisor. At Martini's recommendation, Rodgers paid $20,000 to Lincoln Benefit so that the return on his investment would pay for his life insurance policy. However, in October 2004, Lincoln Benefit requested an additional premium payment of $40,000. Martini informed Rodgers that Lincoln Benefit had requested this payment because the stock market had not produced enough return on his initial investment to pay for the policy. He also informed Rodgers that Rodgers could pay $600 per month to keep his policy in effect. Rodgers agreed and started making monthly payments of $600 to Lincoln Benefit.

In April 2016, Rodgers received another payment request from Lincoln Benefit in the amount of $4,072.14. Martini informed Rodgers that he would now have to pay $1,241.50 per month to keep the policy in effect and that the cost of the policy would keep going up. After additional correspondence about Rodgers's options, Rodgers elected to stop making payments. On July 6, 2016, Lincoln Benefit informed Rodgers that his policy would terminate unless he paid $3,958.96.

On February 28, 2019, Rodgers sued Defendants-Appellees Lincoln Benefit,

2

Martini, and Martini Financial Services, LLC (collectively, "Defendants") for negligent misrepresentation and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"). Rodgers initially filed suit in state court, and Defendants removed to the District Court. In his complaint, Rodgers contended that Defendants provided him with incorrect information about the "actual nature of the Policy and misrepresented its terms and conditions before Rodgers purchased the Policy." Suppl. App. 36. Specifically, he claimed that Defendants first falsely informed him that his initial $20,000 payment would cover the policy and then falsely informed him that the monthly $600 payments would be sufficient. He also alleged that Defendants failed to inform him that the premiums would increase in the future.

Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the ground that Rodgers's claims were barred by the applicable statutes of limitations. Rodgers then submitted an affidavit and moved to convert Defendants' motions to motions for summary judgment. The District Court then granted Rodgers's motion to convert and granted Defendants' motions. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conduct a plenary review of a district court's grant of summary judgment. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We draw all reasonable inferences from the record

3

in favor of the nonmoving party. *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005).

## III. DISCUSSION

Defendants argue that we should affirm the District Court's grant of summary judgment because Rodgers's claims are barred by the applicable statutes of limitations. We agree.

Under Pennsylvania law, a two-year statute of limitations applies to a negligent misrepresentation claim. *See* 42 PA. CONS. STAT. § 5524(7). A six-year statute of limitations applies to a UTPCPL claim. *Morse v. Fisher Asset Mgmt., LLC*, 206 A.3d 521, 526 (Pa. Super. Ct. 2019). "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform him-[ ]or herself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). Pennsylvania law favors "the strict application of statutes of limitation." *Booher v. Olczak*, 797 A.2d 342, 345 (Pa. Super. Ct. 2002).

Rodgers purchased his life insurance policy in 1999. Lincoln Benefit's request for an additional $40,000 premium payment and Martini's explanation that the initial investment was insufficient to maintain the policy put Rodgers on notice that his initial understanding that his $20,000 payment would fund the policy was incorrect and that subsequent payments would be required. Thus, it was in 2004 that Rodgers first became

4

aware of the alleged misrepresentations regarding the payments he would have to make to keep his policy in effect. It was also in 2004 that Rodgers first had the right to institute and maintain a suit against Defendants. Rodgers, however, did not file suit against Defendants until February 28, 2019, approximately fifteen years later. Rodgers therefore did not bring suit within the applicable limitations period.

Rodgers argues that his claims are not time-barred based on the application of Pennsylvania's discovery rule. He avers that he did not bring suit because he "took Martini at his word" due to their personal relationship. Opening Br. 9. He admits that he did not read his insurance policy and "saw no reason to investigate further" when Martini explained that the market was not performing well enough to cover the operating cost of his policy payments. *Id.* at 11-12. Rodgers contends that it was only when he was conducting legal research for a separate case in 2018 that he learned he had a claim against Defendants.

The discovery rule tolls the statute of limitations where the injured party is unable, "despite the exercise of due diligence, to know of the injury or its cause." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983) (emphasis omitted). However, "[m]istake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute." *Fine*, 870 A.2d at 857. Pennsylvania law requires "reasonable diligence . . . from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised." *Id.* at 858. Reasonable diligence is an objective test, and "a party's actions are evaluated to determine whether he exhibited 'those qualities of attention, knowledge, intelligence and judgment which

5

society requires of its members for the protection of their own interest and the interest of others.'" *Id.* (quoting *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000)).

Rodgers's lack of legal knowledge and lack of reasonable diligence in reviewing his insurance policy do not mean that his injury was "neither known nor reasonably knowable" before 2018. *Id.* at 859. To the contrary, it is undisputed that Rodgers learned of his injury in 2004. As soon as he learned that the initial information provided by Martini was inaccurate, as confirmed by Martini's explanation that the initial $20,000 was insufficient to pay for the cost of the policy, Rodgers had reason to investigate further. The fact that in 2018 he came across legal research suggesting he had a viable claim does not mean that he was unable to learn of his injury and its cause at an earlier date.

Rodgers has not alleged that Defendants took any action to prevent him from learning about the terms of his insurance policy; he has conceded that he simply did not read it. Nor has Rodgers provided any other persuasive reason for his lack of reasonable diligence. Rodgers, who graduated from law school, is a sophisticated party who was able to further investigate at any time. For these reasons, "no two reasonable minds could differ" that through the exercise of reasonable diligence, Rodgers "knew or should have known of his . . . injury and its cause during the limitations period." *Gleason*, 15 A.3d at 487. The District Court, therefore, did not err in granting summary judgment to Defendants because the statute of limitations had run before Rodgers filed suit in 2019.

## IV. CONCLUSION

For the reasons set forth above, we will affirm the District Court's order.

6