**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2598 & 23-1263 (Cons.)
_____

ELAINE MICKMAN,
                              Appellant

v.

PHILADELPHIA PROFESSIONAL COLLECTIONS LLC;
WHITE AND WILLIAMS LLP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-04221)
District Judge:  Honorable Timothy J. Savage

_____

Submitted by the Clerk for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 21, 2023

Before: JORDAN, CHUNG, and SCIRICA, Circuit Judges

(Opinion filed: October 2, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Elaine Mickman appeals from orders of the District Court dismissing her complaints filed in this civil action. For the following reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

After Mickman failed to pay legal fees owed to the law firm of White and Williams LLP (W&W), the firm assigned the debt to Philadelphia Professional Collections, LLC (PPC). In November 2014, PPC sued Mickman in Pennsylvania state court for breach of contract, and a jury later returned a judgment in its favor totaling more than $150,000. In 2021, Mickman filed suit in the District Court against W&W and PPC, alleging fraud, violations of the Fair Debt Collection Practices Act (FDCPA), see 15 U.S.C. § 1692 et seq., and claims under 42 U.S.C. § 1983, stemming from the breach of contract suit. After she amended the complaint, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the claims were either time-barred or failed to state a claim for relief. In an order entered July 27, 2022, the District Court dismissed the FDCPA and § 1983 claims with prejudice, dismissed the fraud claims without prejudice, and gave Mickman 30 days to file a second amended complaint. See ECF Nos. 32 & 33.

Mickman appealed from that order and filed a second amended complaint, which included claims for fraud based on several criminal statutes, civil conspiracy and civil

2

RICO claims, as well as a state law claim.[1] The second amended complaint alleged that the defendants conspired to defraud Mickman by filing a time-barred lawsuit to collect on "a fraudulently generated debt." ECF No. 34 at 2. The defendants filed a Rule 12(b)(6) motion, arguing that the claims were either time-barred or failed to state a claim for relief, or that the District Court lacked jurisdiction to consider them. In an order entered December 22, 2022, the District Court dismissed the second amended complaint with prejudice.[2] See ECF No. 44. Mickman's notice of appeal from that order was filed on February 8, 2023.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299

---

[1] That appeal was docketed at C.A. No. 22-2598. Mickman subsequently filed a motion in the District Court to certify the July 27, 2022 judgment for appeal pursuant to Fed. R. Civ. P. 54(b), which the District Court denied. See ECF No. 44.

[2] The District Court refers to this complaint as the "third amended complaint," apparently including in its count a second-in-time amended complaint which was stricken. See ECF No. 14.

[3] That appeal was docketed at C.A. No. 23-1263, and although it was untimely filed, see Fed. R. App. P. 4(a)(1)(A), the District Court subsequently granted Mickman's motion to extend the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). See ECF No. 51. The appeal at C.A. No. 22-2598 was taken from an order that was not final and appealable when entered, see Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019), but "ripened" when the District Court entered its final order, see Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 96 (3d Cir. 2016) (per curiam). In any event, because Mickman perfected her appeal from the final judgment, that appeal includes the July 27, 2022 order. See Fed. R. App. P. 3(c)(4). The appeals have been consolidated for all purposes.

(3d Cir. 2020).  We will summarily affirm if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

We agree with the District Court that the FDCPA and § 1983 claims in the first amended complaint were subject to dismissal.  The FDCPA claims are plainly time-barred.  An FDCPA claim must be brought within one year from the date of the violation.  See Glover v. FDIC, 698 F.3d 139, 148 (3d Cir. 2012); 15 U.S.C. § 1692k(d).  Mickman's initial complaint was filed well over six years after the alleged violation here – the December 2014 filing of the breach of contract suit.[4]  See Rotkiske v. Klemm, 140 S. Ct. 355, 358 (2019) (holding that the FDCPA's statute of limitations begins to run on the date on which the alleged violation occurs, not on the date of the violation's discovery).  And neither defendant is a state actor for purposes of § 1983.  See Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004).  Contrary to Mickman's contention, W&W is not a state actor by virtue of being an "officer of the court."  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).  Because leave to amend either of these claims would have been futile, they were properly dismissed

---

[4] On appeal, Mickman argues that the District Court erred in concluding that her FDCPA claims were not subject to equitable tolling.  Although we have recognized "the availability of equitable tolling for civil suits alleging an FDCPA violation," Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018), cert. granted, 139 S. Ct. 1259 (2019), and aff'd, 140 S. Ct. 355 (2019), the Supreme Court declined to "decide whether the text of 15 U.S.C. § 1692k(d) permits the application of equitable doctrines." Rotkiske, 140 S. Ct. at 361 n.3.  The District Court properly determined that, in any event, there was no basis for equitably tolling Mickman's claims.  See ECF No. 32 at 4-5.

4

with prejudice. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

The District Court also properly concluded that all of Mickman's claims in the second amended complaint were subject to dismissal. As the District Court explained in dismissing the three fraud claims, none of the criminal statutes that the defendants allegedly violated provide for a private cause of action. See 18 U.S.C. §§ 1341, 1346 & 1349; ECF No. 43 at 4. Because the criminal statutes did not give rise to civil liability, the District Court properly dismissed those claims.

We also agree that the remaining claims were time-barred. First, Mickman's claim that the defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) was filed outside the applicable six-year statute of limitations. See Morse v. Fisher Asset Mgmt., LLC, 206 A.3d 521, 526 (Pa. Super. Ct. 2019). The claim arose in June 2015, when she was served with notice of the breach of contract suit. Mickman raised the claim for the first time in her second amended complaint, filed in October 2022. Even assuming the claim could relate back to the original complaint filed in September 2021, as Mickman appears to suggest on appeal, see Fed R. Civ. P. 15(c), it was still untimely filed.

Second, Mickman does not dispute that her civil conspiracy claim brought pursuant to 42 U.S.C. § 1985 was filed beyond the applicable two-year statute of

5

limitations. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (recognizing that § 1985 claims are subject to Pennsylvania's two-year statute of limitations for personal injury actions, 42 Pa. Cons. Stat. § 5524). She argues, however, that the claim was subject to equitable tolling during the pendency of her appeal of the state suit, because the Pennsylvania Superior Court "could have reversed the outcome and mooted the effect of the [civil rights] violations." Resp. in Opp'n at 4. But there is no basis in state or federal law for equitable tolling under these circumstances. See Wallace v. Kato, 549 U.S. 384, 394 (2007) (recognizing that federal courts refer to state law for tolling rules); see also Mest v. Cabot Corp., 449 F.3d 502, 510, 516 (3d Cir. 2006) (noting that in Pennsylvania, the statute of limitations may be tolled by the discovery rule or the fraudulent concealment doctrine); Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000) (noting the limited scenarios in which equitable tolling is appropriate).

Finally, as the District Court explained, Mickman's RICO claim was filed beyond the applicable four-year statute of limitations. See ECF No. 43 at 6 (citing Forbes v. Eagleson, 228 F.3d 471, 484-85 (3d Cir. 2000)). "[A] RICO claim accrues when plaintiffs knew or should have known of their injury." Mathews v. Kidder, Peabody & Co., 260 F.3d 239, 250 (3d Cir. 2001) (citation omitted). As the basis for the claim, Mickman alleged that the defendants are a "liable [e]nterprise" engaged in "a pattern of intentional fraudulent debt collecting practices" for the "common purposes of securing judgments through fraudulent means." ECF No. 34 at 10-11. It was thus clear from the

6

face of the complaint that Mickman knew of her injury – "the attempted collection of a fraudulent debt" – when she was served with the breach of contract suit in June 2015. ECF No. 43 at 6. The RICO claim was therefore time-barred.

Finally, we find no merit to Mickman's argument that the District Court was biased because it denied her "[Motion for] Leave to Attach Exhibits" and her "Motion to Compel Discovery." Mere disagreement with adverse rulings is insufficient evidence of judicial bias. See Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015).

Based on the foregoing, the consolidated appeals fail to present a substantial question. We therefore will summarily affirm the District Court's judgment.